## CROUCH v. EDWARDS.

1. ADMINISTRATION: *Action to surcharge accounts: Parties.*

A judgment rendered against the administrator *de bonis non* of an estate, in a suit to surcharge the accounts of the administrator in chief, is not binding upon the sureties of the latter, where neither he, nor his personal representative in case of his death, nor either of the sureties, was a party to the action.

2. SAME: *Settlement of accounts: Liability of sureties.*

Where the accounts of an administrator, showing that nothing is due from him to the estate, are, in the absence of exceptions thereto, confirmed by the Probate Court, no liability will rest upon his sureties, until the settlement thus made is impeached in a court of equity.

3. DOWER: *In personalty: Subrogation.*

When an administrator applies the personal property of the estate to the payment of debts, leaving the widow's claim for dower thereon unpaid, she is equitably entitled to be subrogated to the rights of creditors whose claims have been thus discharged, and to be reimbursed out of the real estate.

APPEAL from *Miller* Circuit Court.

C. E. MITCHEL, Judge.

W. B. Crouch, administrator of the estate of Helen M. Edwards, deceased, filed his petition in the Probate Court of Miller County against W. B. Edwards, administrator *de bonis non* of the estate of Thomas J. Edwards, deceased, praying for an order directing said administrator *de bonis non* to pay over to said petitioner a balance alleged to be due on the dower of said Helen M., in the personal estate of said Thomas J., she being his widow.

The petition was filed in 1886, and states that M. W. Edwards, the administrator in chief of the estate of Thomas J. Edwards, was at a previous term of the Probate Court ordered to pay over to said widow the sum of $2394.54, which the court then found to be due to her as dower in moneys realized by said administrator from the personal assets of his intestate; and that said M. W. Edwards failed to pay over the sum of $1429.39, which was never paid to said widow and remained due to her estate. The Probate Court

found that a balance of $500 was due on said dower and made an order directing the administrator *de bonis non* to pay that sum to the petitioner out of any moneys in his hands, or which might come into his possession, without regard to the source from which it was derived. On appeal to the Circuit Court, judgment was rendered against the petitioner on grounds which are stated in the opinion. It appears from the record that M. W. Edwards died in the year 1882, and it does not appear that any exception was made to his accounts as administrator, or that any appeal was prosecuted from the judgment of the Probate Court settling them.

*W. H. Arnold,* for appellant.

The administrator having applied the personalty to the payment of the debts of the estate, without paying the widow's dower, she is entitled to be subrogated to the rights of the creditors whose demands have been paid, and to be reimbursed out of the real estate. *8 Ark., 9; 17 id., 584.*

Neither the appellant, nor his intestate were parties to the suit in the Miller Circuit Court, nor to the judgment surcharging the administrator's accounts, and is not bound thereby. The judgment was not admissible in evidence to prove the facts sought to established. *16 Ark., 72; 2 Starkie on Ev., secs. 183–4; Freeman on Judg., sec. 154.*

*T. E. Webber* and *Scott & Jones,* for appellee.

It is not true that moneys due the widow on account of dower had been used for the payment of debts. A widow is not entitled to have her dower in personalty paid to her out of funds arising from the sale of real estate for the payment of debts, in which real estate she has been endowed, where there is a fund derived from personalty in existence to which her dower lien has attached; or, if said fund has been squandered or misappropriated, she, as bondsman, is directly and legally responsible for the default. But, if she had the right, she lost it by her laches.

Cite *5 Ark., 608, 614; 18 id., 422.*

COCKRILL, C. J. The Circuit Court found as a fact, that M. W. Edwards, as administrator of the estate of Thomas J. Edwards, deceased, had in his hands a sum of money realized from personal assets of the estate, at the time the Probate Court directed the payment of the widow's dower; that the widow neglected for two years thereafter to collect what was due her; and, the administrator having died without accounting for the amount, held, that the widow lost her right by her laches; and declared that she was barred for the further reason that she was one of the sureties of the defaulting administrator, and could not claim indemnity out of the real assets of the estate, until she had discharged her liability arising by reason of her suretyship.

It is not necessary to examine the details of the facts disclosed by the record to ascertain if the conclusion reached by the court is that which the law pronounces upon the facts found, because there is a total want of legal evidence to prove the main fact which is the basis of the finding and judgment; that is, that the administrator was indebted to the estate when the judgment for dower was rendered, and at the time the petition herein was filed. The finding is based upon a judgment of the Miller Circuit Court in a suit to surcharge the administrator's accounts, wherein the default is found and adjudged as the court in this case declared. But neither the defaulting administrator nor his administrator, nor any of the sureties upon the bond, was a party to that proceeding. Creditors of the estate of T. J. Edwards, deceased, were plaintiffs, the only defendant being the administrator *de bonis non* of the estate of Thomas J. Edwards. But he was not authorized to represent the bondsmen of the first administrator, nor to make a settlement for them, and the judgment against him was *res inter alios acta* and not binding upon them. It proved nothing against them. *State v. Drake, ante, 350; 12 S. W. R., 706.*

*ADMINISTRATION: PARTIES*

The judgment of the Probate Court settling the accounts of the administrator for whom Mrs. Edwards was surety, show

*Liability of sureties*

nothing due from him, and until they are overturned in a court of equity, no liability rests upon his bondsmen.

**Dower:**
**Subroga-**
**tion.**

If it be true, as recitals in the Probate Court records indicate, that the administrator (who before assignment of her dower in personalty, is trustee for the widow) applied the personalty to the payment of the debts of the estate without paying off her claim for dower, she is equitably entitled to be subrogated to the rights of the creditors, whose demands have thus been discharged, and to be reimbursed out of the real estate. *Wells v. Fletcher, 17 Ark., 581.*

Reverse the judgment and remand the cause for a new trial.