## ALTHEIMER *v.* HUNTER.

### Opinion delivered May 7, 1892.

*Liability of administrator carrying on intestate's business.*

> An administrator procured an order from the probate court directing him to continue his intestate's mercantile business. On the faith of this order he purchased goods from plaintiff on credit. Upon his failure to pay for them plaintiff procured an order from the probate court that he pay the account out of the assets of the estate, which the administrator refused to do. In an action on his bond as such administrator, *held,* that as plaintiff could not look to the general assets for payment, the complaint, which alleged a *devastavit* of assets of the estate, was insufficient in failing to allege a *devastavit* of the trade assets.

Appeal from Arkansas Circuit Court.

JOHN A. WILLIAMS, Judge.

*Gibson & Holt* and *N. T. White* for appellant.

While it is true, in part, that the sureties on an administrator's bond are liable only for debts contracted by the intestate during his lifetime, and that debts contracted by an administrator cannot be made a charge against the estate for which the sureties would be liable, yet it has always been the custom and rule that costs of administration are paid out of the assets of the estate. These costs are legal charges to be paid out of the assets before creditors are paid. Altheimer's claim was allowed

as a claim for costs by the probate court, and the administrator ordered to pay same. The order was made by a court having jurisdiction, and cannot be attacked collaterally. See cases 30 Ark. 312; 34 *id.* 204; 39 *id.* 265; 51 *id.* 415. The adjudication of the probate court is binding on the sureties. 46 Ark. 260; Mansf. Dig. sec. 142; 25 Ark. 241.

*W. P. & A. B. Grace* for appellees.

The order was void for want of jurisdiction in the probate court. 25 Ark. 471; 27 *id.* 302; 52 *id.* 350; 52 *id.* 89; 34 *id.* 204. An administrator cannot make a contract for a dead man. 17 Ark. 567. Nor has he the power to enlarge the liability of his intestate, or bind the assets in his hands by any agreement of his own, nor can the probate court give him such power. 10 Ark. 254; 19 *id.* 676; 50 *id.* 442; 34 *id.* 204; 30 Mo. App. 638. The liability of the sureties is fixed by the terms of the bond, and is limited to the official default or miscarriage of the administrator *as such.* Appellees are not responsible for Hunter's personal liability.

COCKRILL, C. J. The appellees are sureties of Hunter who was administrator of the estate of Graves. Hunter, after qualifying as administrator, procured an order of the probate court directing him to continue the mercantile business which his intestate was conducting when he died, and afterwards he purchased goods on a credit of Altheimer for that purpose, on the faith of the order. He failed to pay the account due for the merchandise, and Altheimer procured an order from the probate court directing the administrator to pay the account out of the assets of the estate. The administrator refused to do so, when Altheimer brought this suit against the sureties on his official bond, alleging the facts substantially as above set forth, and also that the administrator had converted assets of the estate to his own use in a sum in excess of his claim, that the administrator was

insolvent, and that creditors of the estate were unpaid. Such is the substance of the allegations of the complaint.

The complaint was adjudged insufficient, and the cause dismissed upon demurrer interposed by the sureties. The appeal is prosecuted to test the correctness of that ruling.

It is certainly not within the ordinary authority of a probate court to empower an administrator to continue the mercantile business of the deceased. An executor may continue the business of his testator when empowered to do so by the will, but he becomes personally liable for all the debts he contracts in the prosecution of his trust, and whatever may be the binding force of a debt contracted by an executor in pursuance of the authority of the will, it is certain that an administrator is not empowered to bind the estate of a dead man by making a contract for him. *Bomford* v. *Grimes*, 17 Ark. 567.

But an executor or administrator is entitled to be indemnified out of the assets of the estate for expenditures made or liabilities incurred in the legitimate exercise of his trust. *Bomford* v. *Grimes*, 17 Ark. *sup.*; *Yarborough* v. *Ward*, 34 *id.* 204 ; *Perry* v. *Cunningham*, 40 *id.* 185.

The questions (1) whether the persons who have extended credit to the administrator have any right, except such as is derived through the administrator, to resort to the assets of the estate (*Laible* v. *Ferry*, 32 N. J. Eq. 791), and consequently whether that right can be of any avail to them while he is indebted to the estate (*Pool* v. *Ellis*, 64 Miss. 555 ; *Crouch* v. *Edwards*, 52 Ark. 499), and (2) whether the orders of the probate court above mentioned can be regarded as having adjudicated those questions in this case in favor of Altheimer (*Turner* v. *Tapscott*, 30 Ark. 322 ; 1 Woerner, Administration, sec. 152 ; 2 *ib.* sec. 356), are subjects which it

would be interesting to pursue; but there is another point which is decisive of the case, and the state of the docket does not justify the consumption of time to make investigations which counsel have not made, when they are not essential to the determination of the cause.

Conceding, without deciding, that it was only error, and not a want of power, in the probate court to direct the continuance of the intestate's mercantile business by his administrator, and to allow Altheimer's claim in the form of a judgment in the latter's favor to be paid as expenses of administration, the allegations of the complaint are still short of stating a cause of action against the sureties. The order of the probate court directing the administrator to continue the mercantile business of the intestate created no greater power 'in the administrator than if it had been made upon directions to that effect to an executor by the terms of a will. But in the latter case the authorities are uniform to the effect that neither the executor nor his trade creditors can resort to the general assets of the estate for the purpose of reimbursement or payment unless it is clear that the testator intended to make them liable for the debts contracted by the executor. In such a case advances are made by the administrator, and credit extended by those who give him credit, upon the faith of the assets embarked in the trade or business, and their remedies are confined to such assets. 2 Woerner, Administration, sec. 328, p. 689, n. 5; *Jones* v. *Walker*, 103 U. S. 444; Ex parte *Garland*, 10 Ves. Jr. 110; *Laible* v. *Ferry*, 32 N. J. Eq. *sup.*

There is no allegation in the complaint that the administrator has committed a *devastavit* as to any of the trade assets—the only assets in which the plaintiff can be said to have an interest. No *devastavit* is alleged then which could in any event be the foundation of a cause of action by the plaintiff. It cannot be said that the judgment of the probate court establishes the fact

otherwise, for the allegation of the complaint is merely that the account was allowed by the probate court and ordered paid.   The presumption, in the absence of a contrary showing, is that the court made the allowance with reference to, and ordered the payment out of, the assets which were alone liable therefor.

The judgment is right and will be affirmed.