#### FOR THE

### COUNTY OF RUTLAND.

### JANUARY TERM, 1850.

---

PRESENT,

Hon. STEPHEN ROYCE, CHIEF JUDGE.
Hon. ISAAC F. REDFIELD,
Hon. HILAND HALL,  } ASSISTANT JUDGES.
Hon. LUKE P. POLAND,

---

### JAMES BARRETT, Jr., v. IRA SEWARD.

An infant, under the age of twenty one years, may receive a special deputation from the sheriff, to serve a particular writ, under chap. 11, sec. 8, of the Revised Statutes. POLAND, J., dissenting.

If such special deputy is appointed at the request of the plaintiff in the writ, the sheriff will be excused from all liability to the plaintiff for the acts of such deputy, but he will be liable to the defendant in the writ, and to third persons, the same as for the acts of a general deputy. HALL, J.

BOOK ACCOUNT. The writ was served upon the defendant, by attachment of property, by W. G. Edgerton, who was specially deputized by the sheriff by indorsing upon the writ these words,—"I deputize W. G. Edgerton to serve and return this writ. (Signed) J. Edgerton, Sheriff." The defendant pleaded in abatement, that W. G. Edgerton, at the time he was deputized and made service of the writ, was an infant, under the age of twenty one years. To this plea the plaintiff demurred. The county court, November Ad-

Barrett *v.* Seward.

journed Term, 1847,—Hall, J., presiding,—adjudged the plea insufficient. Exceptions by defendant.

*Thrall & Smith,* for defendant, insisted, that an infant was incompetent to take and execute the office of deputy sheriff, and cited 3 Bac. Abr., Infancy A, p. 118; Ib. 126; *Moore* v. *Graves,* 3 N. H. 408; Reeve's Dom. Rel. 261; *Claridge* v. *Evelyn,* 5 B. & A. 81, [7 E. C. L. 32;] *Campbell* v. *Stokes,* 2 Wend. 137; 1 Sw. Dig. 589; *Cuckson* v. *Winter,* 2 M. & R. 313, [17 E. C. L. 306.]

*S. H. Hodges* and *S. Foot* for plaintiff.

It has been expressly decided, that an infant may be legally deputed by a sheriff to serve a particular writ. *Moore* v. *Graves,* 3 N. H. 408. And see Com. Dig., Officer B, 3. There is no good reason against it in this state, where the sheriff is liable *civiliter* for the acts of his deputy, and no suit will lie against the latter. *Johnson* v. *Edson,* 2 Aik. 299. *Hutchinson* v. *Parkhurst,* 1 Ib. 258. *Abbott* v. *Kimball,* 19 Vt. 551. The acts of the special deputy are in truth the acts of the principal, who is responsible for whatever he does, and may therefore deputise whom he pleases, since it is at his own peril, and not that of any one else.

The opinion of the court was delivered by

Hall, J. There were many offices, requiring the exercise of judgment, discretion and experience, which an infant was by the common law deemed incompetent to execute. But the service of a writ, being a ministerial act, demanding only diligence and skill, there would not appear to be any strong objection to its being done by a minor, unless upon the ground of his want of liability to others for acts done under color of the process.

It is said by Judge Swift, in his Digest, page 589, that an infant cannot be deputed to serve a writ as an indifferent person, for the reason, that he would not be liable to the plaintiff for non-feasance, nor to the defendant, for mis-feasance. This is probably a correct view of the law in regard to the personal liability of an infant for his acts in the service of process; and if the infant under the deputation in the present case is to be considered as alone responsible for his conduct, it would certainly form a very strong reason for holding him incompetent.

But we do not think, the responsibility rests upon him. The sheriff is authorized by statute, (Rev. St. chap. 11, sec. 5,) to appoint general deputies, who become public officers. He may also depute a proper person to serve a particular writ at the risk of the plaintiff, by endorsing upon it a special deputation ; and whenever he deems it necessary, he may also depute a person to serve a warrant in a crimimal case, or any other precept, by endorsing a special deputation upon it.

There are obviously two classes of cases, in which a sheriff may appoint special deputies,—the one on the application of the plaintiff in a writ, and the other, where for his own convenience he may choose to perform the duties of his office by special deputy. In the latter case, especially, he must be held responsible for the acts of such deputy. For it cannot be supposed the legislature intended, that the sheriff might have an unlimited discretion in the appointment of special deputies, and incur no responsibility for their acts. And where a special deputy is appointed at the risk of the plaintiff in a writ, it is apprehended the sheriff would be equally liable to the defendant in the process and to third persons, that he would in the other case, though he would doubtless be excused from liability to the plaintiff. These special deputies are perhaps in a stricter sense the mere servants of the sheriff, than his general deputies are, and he must be held at least equally responsible for their acts.

By the provisions of the statute, chap. 10, sec. 20, the sheriff's deputies, which must include special as well as general deputies, are not allowed to be sued for their official defaults, but all actions for such defaults must be directly against the sheriff. The sheriff, then, being responsible for all acts of his special deputy, done under color of the process he is deputed to serve, the want of the personal liability of an infant deputy would seem to form no valid objection to his appointment.

In *Moore* v. *Graves*, 3 N. H. 408, it was held, that a special deputy of a sheriff might be an infant, the sheriff being alone responsible for his acts. We have come to the same result in this case, and for the like reason.

The judgment of the county court is therefore affirmed.

POLAND, J., dissenting.