ALFRED ROWLAND and wife *v.* JOSEPH THOMPSON, Guardian.

The Judge of the Court of Probate has jurisdtction of a complaint by a ward against his guardian, demanding an account and payment. From his judgment an appeal will lie to the Judge of the Superior Court, who having thus obtained jurisdiction of the cause will retain it, until it is finally disposed of.

The Judge of the Court of Probate has no jurisdiction of a suit on a guardian bond. Such suit must be brought in the Superior Court.

Where a suit for the settlement of a guardian account is before the Judge of Probate, his deputy cannot perform any functions in taking an account but only such as are merely ministerial, such as recording testimony, swearing witnesses, calculating interest and the like. He cannot decide upon the competency of testimony, or upon any other legal question, and if he do so, the adoption and confirmation of his decision by his principal afterwards will not make it good.

This was a petition filed by the plaintiffs against the defendant before the Judge of Probate, of ROBESON County, for an account and settlement of the defendant's account as guardian of the feme plaintiff. The plaintiffs having obtained a judgment, the defendant appealed to the Superior Court, and at the last term thereof, before his Honor, *Russell, J.,* the following statement of the case was made out and filed by him :

" This case came up by appeal of the defendant from the judgment rendered in the Probate Court. In the Superior Court, it appeared that the only qualification of the Deputy Clerk was what purported to be an oath of office taken before the Register of the County. The defendant moved to dismiss the case for the reason that the record showed that the proceedings were had before one who was neither the Judge of Probate, Clerk of the Superior Court, nor Deputy Clerk. The Court overruled the motion to dismiss, from which the defendant in open Court craved an appeal to the Supreme Court, which is granted upon the filing the appeal bond according to law in the sum of $500."

*Leitch,* for plaintiffs.

*N. A. McLean, R. S. French* and *W. McL. McKay,* for defendant.

RODMAN, J.   On the 5th March, 1870, the plaintiffs filed their petition before the Probate Judge of Robeson County, alleging that the defendant had been guardian of the feme plaintiff, &c., and demanding an account and payment, &c.

The defendant answered, admitting that he was guardian and his liability to account.   The Probate Judge (or some other person with his sanction—as to which more will be said presently) proceeded to take an account, and gave judgment against the defendant, from which he appealed to the Judge of the Superior Court, who declined to hear it in vacation, and assigned it for a regular term of the Court. On an appeal from this order this Court held (64 N. C. 714) that he had a right to do so.   At Fall Term, 1870, of the Superior Court, the defendant moved to dismiss the action for want of jurisdiction in the Probate Court, which the Judge refused, and the defendant appealed to this Court.

Therefore the only question presented to this Court by the record is, whether a Probate Court has jurisdiction of a complaint by a ward against his guardian demanding an account and payment.   We think it has.   The several cases lately decided as to the jurisdiction of Courts of Probate are familiar to the profession, and need not to be specially cited here ; none of them bears very directly on the present question, and nothing in the present opinion is inconsistent with any of them.   Art. IV, sec. 17, of the Constitution prescribes the jurisdiction of the Clerks of the Superior Courts as Probate Judges.   It says, " Clerks of the Superior Courts shall have jurisdiction,"—" to audit the accounts of executors, administrators and guardians," &c.   The C. C. P., sec. 481, provides that any guardian may be required " to file an account at any time after six months from the wards coming

of full age, or the cessation of the guardianship," and that whether the proceeding be voluntary or compulsory, it shall be audited and recorded by the Probate Judge." The Act of 1868-'9, ch. 201, further prescribes the duties of Probate Judges in reference to guardians. We think these acts consistent with the Constitution, and proper to carry it into effect.

The phrase " audit an account," used in the Constitution is a familiar one in the law. It means something more than the statement of an account by an unauthorized person : properly it means the act of a Court, and therefore, obligatory. " And there are auditors assigned by the Court to audit and settle accounts in actions of account and other cases, who are proper judges of the cause, and pleas are made before them," &c. Tomlins. Law Dict., Auditor. Under the acts of Congress regulating the different departments, auditors are provided to audit the accounts of officers and others becoming indebted to the United States, and the accounts certified by them are conclusive between the parties unless appealed from. We think it clear that the Constitution intended to confer this jurisdiction on the Probate Courts; it naturally accompanies that of auditing the accounts of executors and administrators; in the majority of cases no difficult questions occur, and a speedy decision is eminently desirable. Our opinion does not extend the jurisdiction of a Probate Judge to an action on a guardian bond; that must be brought in the Superior Court.

The defendant in this case further contends that the account returned by the Probate Judge was not in fact audited by him, but by a person who was, or claimed to be, his deputy. That would be no ground for dismissing the action which was properly brought; but would be ground for a motion to set aside the account. The record does not show that any such motion was made. Nevertheless as the question was argued before us by both counsel, as if such motion

had been made and refused by the Judge, we think ourselves at liberty to consider it in that light. It is a familiar principle that judicial power cannot be delegated; ministerial may. In some cases it may be difficult to draw the line between functions which are judicial and those which are merely ministerial. In this case the Probate Judge reports that one W. A. Dick did rule on matters of law during the taking of the account but that such rulings were afterwards considered and confirmed by him. We are not told the nature of the ruling on matters of law made by the deputy; they may have been as to the competency or pertinency of testimony, or as to its effect. In either case it was the act of an unauthorized person; the exercise of a judicial power which cannot be delegated. The confirmation by the Judge afterwards cannot give it validity: the parties are entitled to be heard by the Judge in person, and cannot be forced to transmit their statements and reasonings through the channel of another; they are entitled to have his decision unbiassed by the previous decision of his deputy. Nor is it at all material whether Dick was regularly appointed and qualified a deputy of the clerk or not. For his judicial functions a clerk can have no deputy. It is surely unnecessary to say that there are many things in the course of a judicial investigation which any person appointed by the Probate Judge may do under his supervision; for example; he may record the testimony, but the Judge only can decide its competency; if a regularly qualified deputy he may swear the witnesses; he may calculate interest, and add up columns of figures; these are all ministerial acts.

We think the Judge of the Superior Court should have set aside the account as irregularly taken. But as was intimated in this case when last before us, (64 N. C. 710) having acquired jurisdiction by the appeal, he will not send it back to the Probate Judge; he may refer it to him as Clerk of the Superior Court or to any other person to take the ac-

count and the case will afterwards be proceeded in, according to the course of the Court. It may be asked here, if the Judge of the Superior Court can refer the taking of the account to a referee or auditor, why connot the Probate Judge do the same thing? The answer is, to audit the account is the special jurisdiction and duty of the Probate Judge; he has not a general jurisdiction as the Superior Court has, and the power to refer is not only given to the Superior Court by C. C. P., sec. 245, but by the usage of all Courts of general jurisdiction from the earliest times.

The judgment below is affirmed, and the case remanded to the Superior Court of Robeson County to be proceeded in.

PER CURIAM.                          Judgment affirmed.