ELIZABETH J. LARKINS and others *v.* PATRICK MURPHY, Adm'r *cum* *test. annexo* of CHARLES HENRY, and others.

The taking and reporting an account by the Master, or Clerk, to whom the Court has referred it, involves the exercise of the judgment and discretion of such referee, which he cannot delegate to another. And it is no proper exercise of his judgment and discretion when he simply adopts an account which has been stated by another, whether the account so adopted has been taken in the same suit, or in some other.

(*Rowland* v. *Thompson*, 65 N. C. Rep. 110, cited and approved.)

MOTION to set aside the report of the referee, and to vacate the decree confirming the report, heard before *Russell, J.,* at June Term, 1872, of NEW HANOVER Superior Court.

From the record sent to this Court, such portions only are selected as present the point decided and are necessary to a proper understanding of the opinion delivered.

At Fall Term, 1863, of the Court of Equity for New Hanover county, a bill was filed, under the old system, by the plaintiffs in this proceeding and others, devisees and legatees of Charles Henry, dec'd, against the defendant, as adminis-

trator with the will annexed of the said Charles, and others, for a division of the property according to the will of the testator and for an account.  The case was continued from term to term, until the abolition of the Courts of Equity, when it was transferred under the provision of the Code of Civil Procedure to the new Superior Court.  At the December Term, 1869, of that Court, it was referred to J. C. Mann, the Clerk, to state the account prayed in the bill.  Pending the reference, in September, 1870, the defendant filed before J. C. Mann, as Judge of Probate, an *ex parte* petition for an account of his administration of Chas. Henry's estate, to be used in a controversy in the Courts of Florida, in which State the testator left real and personal estate, and in which those entitled to it resided, with the exception of Elizabeth J. Larkins, his widow, and some of his minor children.  In this petition, it was referred to G. D. Flack, Jr., the deputy clerk, to take the account prayed for, which account was by him then stated, and used for the purposes mentioned in the petition.  This account of Flack's was adopted by J. C. Mann, the referee in the old suit, as his own, and returned to the January Term, 1872, of the Court; at which term, a decree confirming the same was made, and the estate in the hands of the defendant ordered to be distributed in accordance therewith.  Subsequently a notice was served on the defendants, by the plaintiff's attorney, that a motion would be made at the ensuing Spring Term of the Court, to set aside the report of the referee and the decree confirming it, on the ground of irregularity in the report and want of notice, &c.  At the hearing of this motion, his Honor set aside the report and vacated the decree, and ordered the account to be retaken, upon notice to the respective parties.  From this order, the defendant appealed.

*W. S. & D. J. Devane,* for appellant.
*London,* contra.

READE, J. The taking and reporting an account by the Master or Clerk, to whom the Court has referred it, involves the exercise of the judgment and discretion of such referee, which he cannot delegate to another. And it is not proper exercise of his judgment and discretion, when he simply adopts an account which has been stated by another, whether the account so adopted has been taken in the same suit, or in some other.

"A reference to the Master is generally made for one of the three following purposes, viz : the protection of absent parties against the possible neglect or malfeasance of the litgants ; the more effecting working out of details which the Judge, sitting in Court, is unable to investigate, and the supplying defects or failures in evidence." Adams Eq. 379. And in a note on the same page it is said : "The Master's is a branch of the Court."

To take and report an account falls under the head of "the working out of details."

When the Master has ascertained the facts and stated the account, he makes the report in which he sets forth the facts and his conclusions therefrom. And Mr. Adams says, "that it is frequently advantageous but not necessary that he should also state the reasons which have induced his decision." If there is no exception to the report by the parties, it is confirmed as a matter of course. And if there is exception the *leaning* of the Court is in favor of the report.

From all this appears how important it is that the person taking the account and making the report should be the trusted and trustworthy appointee of the Court. And also how important it is that such person should find the facts himself and draw his own conclusions; and how improper it is for him to adopt the facts found and the conclusions drawn by another, whether that other be his own appointee or some third person.

In the case before us, the clerk to whom it was referred,

instead of taking the evidence and drawing his own conclusions, adopted the account taken in another cause by some third person. For this cause, the decree confirming the report was properly vacated.

In *Rowland* v. *Thompson*, 65 N. C. Rep. 110, it is said that the deputy of the Probate Judge, cannot perform any duty in taking an account except what is merely ministerial—such as adding figures, calculating interest, &c., and if he does any other act such as deciding the competency of evidence or any legal question, the adoption of his action by the Probate Judge does not validate it. No hardship will result to the defendant by reason of setting aside the decree, on account of his having paid out money to some of the plaintiffs under it, because his payments will be allowed under any other decree.

There is no error.

Let this be certified.

PER CURIAM.                          Judgment affirmed.