L. H. YEARGIN v. SUSAN SILER and others.

*Officer—Summons—Service by Coroner—Deputy.*

1. Where an official duty is judicial in its character, it is personal to the officer, and he cannot act by another, but where no discretion or judicial function is to be exercised, the officer may act in person or by another.

2. The service of a summons by the coroner in a case where the sheriff is interested, being the discharge of a purely ministerial duty, may be made by a deputy of the coroner's appointment.

(*Rowland v. Thompson*, 65 N. C., 110, cited and approved.)

MOTION to dismiss an action heard at June Term, 1880, of WAKE Superior Court, before *Gudger, J.*

Upon the facts set out in the opinion, the motion was allowed and the plaintiff appealed.

*Mr. Walter Clark*, for plaintiff.
*Messrs. Gilliam & Gatling*, for defendants.

DILLARD, J. By the act of 1872–'73, ch. 1, and other subsequent acts, the county of Wake has four regular terms of

the superior court in a year, of which two are return terms for all original and final process in civil causes, to-wit, February and August terms, and by the act of 1876-'77, ch. 85, §3, a summons issued more than ten days before its return term, if executed within the ten days, is directed to be placed on the summons docket and continued to the next term of the court at which it shall be treated as if said next term had been the return term thereof.

The plaintiff in this case sued out his summons from the clerk of Wake superior court on the 5th of August 1879, returnable to its proper return term in the same month, and more than ten days after its issue, directed to the coroner of Macon county, who executed the same by one Alman, specially deputed by him for that purpose, on a day less than ten days before the return day. The summons when returned was entered on the summons docket at the August term, and the defendants then entered an appearance by marking the names of their counsel, and again at January term next after, the same entry of appearance by defendants was still on the docket. At the February term, 1880, which was the next regular return term after the return term named in the summons, the plaintiff filed his complaint, and then the defendants entered a special appearance on a motion to dismiss for insufficient service, and from the judgment of the court below dismissing the action, this appeal is taken.

In this court it is urged as error in the judge below, that he held the service by the coroner by deputy to be insufficient, and also in entertaining the motion to dismiss after the entry of a general appearance to the action.

The only point necessary to be considered in the case is whether the coroner could execute the summons by a deputy against the sheriff who was a party to the action.

Blackstone, in his commentaries, says, "the office and power of a coroner are, like those of sheriff, either judicial or ministerial, but principally judicial;" and he further

says, that when just exception exists to the sheriff for suspicion of partiality, as being interested in a suit or of kindred to a party, writs to be executed should be directed to the coroner, who in such case acts as the sheriff's substitute and in a purely ministerial character. 1 Blackstone, 348 and 349. See also to the same effect Comyn's Dig., *Officer*.

The rule in matters judicial is *delegatus non potest delegare*, but in duties ministerial, the officer may act in person or by a deputy of his own choice and appointment. Broom's Maxims, 806 to 809 and authorities *supra*. Where the duty is judicial in its character, it is personal to the officer and he cannot act by another, but where no discretion or judicial function is to be exercised, the officer may act in person or by another. The nature of the duty rather than the title of the officer seems to settle the question whether there may be a deputy. *Abrams* v. *Erwin*, 9 Iowa, 87; *Whitford* v. *Lynch*, 10 Kansas, 180; *Rowland* v. *Thompson*, 65 N. C., 110.

Hence it is that although a sheriff in some of his duties is a judicial officer and as such may not act by deputy, yet in the main his duties are merely ministerial, and as to such it is implied, when not so provided by statute, that he may act by a substitute. And in accordance with this view the practice has been with us with reference to a sheriff. So likewise it is held in regard to the clerk of the court. He has powers judicial and also ministerial, and the rule is applied to him that he must act personally in the first class of duties but may by deputy in matters ministerial. *Rowland* v. *Thompson, supra.*

We think the coroner in like manner has powers and duties of the double character in him, and that whenever he acts in the place of the sheriff in the execution of a summons or other merely ministerial service, he may act by deputy just as the sheriff might, whose right so to act with the restriction above mentioned is conceded. The expressions of the law writers and decisions of the courts to the

effect that a coroner can not have a deputy apply, solely to judicial duties.

When the coroner acts in the place of a sheriff in the ministerial duty of serving a summons, there is no reason nor precedent against his employment of a deputy, and to hold the contrary in some of the contingencies which may happen, such as the death or removal of the sheriff from office, it would be quite impossible for him in person to perform all the duties, and the administration of justice would be retarded or denied. We think the existence of the power, when acting in place of the sheriff, to act by deputy in the service of process, though not expressed in terms, is implied in the following acts which refer to a coroner when acting in lieu of a sheriff: Bat. Rev., ch. 25, § 2; ch. 106, §§ 7 and 24; ch. 35, § 37; ch. 17, § 73, and in Rev. Code, ch. 31, §§ 121 and 122.

There is error in the judgment of the court below in dismissing the action, and this will be certified to the end that the cause may be proceeded with.

Error.                                   Reversed.