JAMESVILLE AND WASHINGTON RAILROAD COMPANY v. A. FISHER.

*Agency—Sheriff—Deputy— Officer— Minor — Process—Service.*

1. A Deputy Sheriff, in the absence of any statutory provision in that respect, is not an "officer" in the sense in which that term is employed in the Constitution of this State; he is but the agent of the Sheriff, under whose direction he is presumed to act, and who is responsible for his conduct in that relation.

2. It is not necessary that the appointment of a Deputy Sheriff, either general or special, should be in writing.

3. A Sheriff may appoint a minor his deputy, general or special; and service of process by such deputy is not invalid for that reason.

CIVIL ACTION, originally instituted before a Justice of the Peace, and brought by appeal to the Superior Court of BEAUFORT County, where it was tried at the May Term, 1890, before *Whitaker, J.*

109 — 1

The return of the officer, upon the summons, was as follows:

"Received March 24th, 1890; served March 24th, 1890, by reading the within summons to A. Fisher.    R. T. Hodges, Sheriff, by J. H. Hodges, D. S."

Both in the Court of the Justice of the Peace and in the Superior Court, the defendant entered a special appearance and moved to dismiss for want of service, because James H. Hodges, who actually served the summons as deputy for R. T. Hodges, was, at the time of serving it, under the age of twenty-one years.   It was admitted in both Courts that he (James H.) was not twenty-one years old when the summons was served by him.   From the judgment of the Court, dismissing the action, the plaintiff appealed.

*Mr. J. H. Small,* for plaintiff.
*Mr. C. F. Warren,* for defendant.

AVERY, J.:   A Sheriff is liable to answer in damages for any wrongful act of his deputy, done under color of his office, for which the Sheriff would have incurred such liability had he done the act himself; and in all such cases he and his deputy are, in contemplation of law, one person.   Murfree on Sheriffs, §§ 20, 59, 60, 62.

So far has this doctrine, as to all wrongful acts of the deputy done *colore officii,* been carried by this Court, that a demand on a defaulting deputy for money collected by him in that capacity, has been declared equivalent to a demand on the Sheriff.   *Lyle* v. *Wilson,* 4 Ired., 226.

While a deputy is professing to act, and inducing others to believe that he is acting under color of his office, his personality, like that of other agents, seems to be merged, in legal contemplation, in the person of the Sheriff under whose directions, as principal, he is supposed to act.   Murfree, *supra,* §§ 20, 61.   The service of the summons is a mere ministerial

duty, which can be performed by a deputy, where the law gives the right to appoint one, and even between him and third persons his official acts are considered those of the Sheriff's, done by his lawfully constituted agent. The right to appoint under-Sheriffs or bailiffs and deputies is not always, if generally, regulated by statute. These subordinates are the servants and agents of the Sheriff, and his responsibility for them and relations with them are controlled, generally, by the law governing the relation of principal and agent. Murfree, *supra*, §§ 16, 60. While public policy may have induced the Courts to hold his responsibility in some instances to be greater, never less, than that of a principal, for the acts of his agent within the scope of the agency, our *Code* is still silent as to the manner of appointment or the distinct duties of both general and special deputies, while this Court has declared that there is no provision of the common law which requires the deputation of a Sheriff to be in writing, and that in any action against a Sheriff, for the misconduct of a person alleged to be his deputy, it is not necessary to prove a deputation, but it is sufficient simply to show that the person acted as deputy with the consent or privity of the Sheriff. *State ex rel. Horne* v. *Allen*, 5 Ired., 36; *State ex rel. Buchanan* v. *McIntosh*, 2 Ired., 53.

In some of the States statutes have been enacted providing for the appointment of general deputies and bailiffs, and prescribing certain duties and liabilities arising out of the position; and the interpretations of these laws have given rise to some confusion and apparent conflict in the decisions of different States. In some of these States we find distinctions drawn by the Courts as to the duties, powers and liabilities of general deputies, coming within the provisions of their statutes, and special deputies, who are left as at common law to be treated as the trusted servants or agents of the Sheriff. *Proctor* v. *Walker,* 12 Ind., 660.

In North Carolina, both general and special deputies may be appointed by the Sheriff without writing, and, when they

act with his assent or privity, they are either his general or special agents as to the discharge of his ministerial duties, and are accountable to him as such. An individual can, unquestionably, constitute an infant his agent, and subject himself to responsibility for all acts of the latter within the scope of the agency. Wharton on Agency, §§ 15, 16; 1 Lawson, Rights and Remedies, § 6; Story on Agency, § 7.

In the absence of statutory restrictions, we see no reason why a minor, appointed by the Sheriff as his general or special deputy, should not have the power to perform a mere ministerial duty of his office—such as serving a summons, issued in a civil action. Murfree, *supra,* § 71; *McGee* v. *Eustis,* 3 Stewart (Ala.), 307; *Bartlett* v. *Seward,* 22 Vt., 176; *Miller* v. *McMillan,* 4 Ala., 530; Ewell's Evan on Agency, star pp. 40, 41. Indeed, Judge STORY says (in a note to section 149 of his work on Agency): "There is a distinction between doing an act by an agent and doing an act by a deputy, whom the law deems such. An agent can only bind his principal when he does the act in the name of his principal. But a deputy may do the act and sign his own name and it binds the principal; for the deputy, in law, has the whole power of the principal." This citation is made, not to give approval to the distinction drawn by him, but to show that the learned jurist considered a deputy as sustaining the relation of an agent to the officer who appoints him. If a Deputy Sheriff were, by law, constituted an officer, and the mode of appointing him and inducting him into office were prescribed, as in some of the States, our view of this case might be materially different. *Gaymore* v. *Burlingame,* 36 Ill., 203; Murfree, *supra,* § 72. The qualifications of an officer are clearly set forth in sections 4 and 5, of Art. 6, of the Constitution, and it is declared essential that he should be "twenty-one years old;" but we find no provision in our Constitution or laws which restricts the right to appoint agents on the one hand, or the liability for their acts on the other.

In *Yeargin* v. *Siler*, 83 N. C., 348, Justice DILLARD, for the Court, says: "The rule in matters judicial is *delegatus non potest delegare*, but in duties ministerial the officer may act in person, or by deputy of his own choice and appointment." We think that, in the absence of any statutory restriction, the Sheriff has the power to appoint a minor his general as well as his special deputy, and clothe him with the power of a bailiff, as to his ministerial duties, as effectually as he could constitute him his agent to attend to private business for him as an individual. Broom, Legal Maxims, 619   The current of authority in this country sustains this view.   It is true, that in the English case cited by counsel, *Cuckson* v. *Winter*, 17 Eng. Com. Law Reports, 306, the Court held that it was highly improper for a Sheriff to entrust the service of a warrant in replevin to an infant, because the deputy was authorized to take possession of the goods and was responsible for the custody of them, and that service of the warrant by the infant was illegal.   The learned Judge who tried the case below was, doubtless, influenced by this authority in holding the service void in our case. But the conclusion of the Court in *Cuckson* v. *Winter*, *supra*, seems to be based upon the idea that a defendant, whose goods were taken for rent, had no remedy for an unlawful seizure except against the deputy. That difficulty is met by holding that the Sheriff is civilly responsible for the unlawful acts of his deputy, to the extent to which he would be liable if he had acted in his own proper person; and that he selects and appoints his agents at his own hazard, third parties having no interest in the security he may exact from them.   Murfree, *supra*, §§ 20, 59, 60, 64. Thus, in every way, the Courts of this country have, in the absence of specific statutory provisions, adjusted the powers of Sheriffs and their deputies, and their liabilities to the public and to each other, according to the rules which determine the duties and responsibility of principal and agent, and have recognized the right of the Sheriff to select such

agents for the discharge of mere ministerial duties, as an individual could appoint and constitute for the transaction of private business, even though he might entrust the duty to a person not *sui juris.* Murfree, *supra,* §§ 71, 75, and references; *Yeargin* v. *Siler, supra.* Mr. WHARTON says, in substance, that the only qualification of the rule that infants may act as agents and bind their principals, is that the infant agent must not be very deficient in mental capacity. Wharton on Agency, § 15.

We think that the Judge below erred in sustaining the demurrer, and the judgment is, therefore, reversed. The cause will be remanded, to the end that the defendant may be allowed to answer, if he be so advised.

Judgment reversed.