## STATE v. TOLAND.

## STATE v. DEARING.

1. VENIRE—RETURN—PRESUMPTION.—Under the law requiring the return of a writ of venire to be made "before the opening or time of holding the court from which it issued," it is sufficient if made before the hour at which the court is opened; and the return showing only that it was made on the day the court convened, it will be presumed that it was done before the hour of the opening.
2. IBID.—IBID.—IBID.—So, too, the law will presume that the sheriff read the venire to the jurors when served, as required by statute, his return not showing that he did not.
3. IBID.—IBID.—WORDS AND PURASES.—Where the statute required the summons of a juror to be left "at his place of abode," the sheriff's return of service "at his house or usual place of residence" is sufficient.
4. SPECIAL DEPUTIES.—The statute does not require the sheriff's appointment of special deputies to be endorsed on the papers served by such appointees.
5. IBID.—MINORS.—SPECIAL DEPUTIES of a sheriff are not officers, but mere agents of the sheriff, and therefore minors may act as special deputies when so appointed.
6. JURIES.—Persons exempt from jury duty are not thereby disqualified from serving as jurors, and therefore the inclusion of three persons entitled by law to claim exemption does not cause a legal deficiency in the number drawn.
7. COMPLIANCE WITH ORDERS—JURIES.—The resident Circuit Judge issued an order, under the statute authorizing him to do so, directing the jury commissioners to draw a grand jury for the remainder of the year, to serve in the place of a grand jury which had been declared to be illegal; and this order was served upon the jury commissioners. Afterwards the clerk issued his writ of venire, directing the sheriff to

serve the jury commissioners with the writ, and requiring them to draw a grand jury for the ensuing November term. To this paper was attached the names of the grand jurors so summoned, and upon it the sheriff endorsed his return. *Held,* that the object of the order of the Circuit Judge having been accomplished, the manner of its accomplishment should not affect its legality, nor was the writ issued by the clerk improper. The order was practically complied with.

8. Service of Order—Certificate.—This order having been served on the board of jury commissioners, the failure of the clerk to endorse on the order a certificate of service is immaterial. A certificate of service on the board will, in the absence of evidence to the contrary, be taken to mean a service on every member of the board.

9. An Exception based upon a misconception of the sheriff's return overruled.

·Before Aldrich, J., Edgefield, November, 1891.

These were two cases heard together—indictments against Press Toland and Augustus Dearing for murder. The opinion states the case clearly, except the point involved in the fourteenth exception, which was as follows: The sheriff used a printed blank, the schedule naming three classes, first, second, and third. The first class embraced the names of those who had been served personally; the second class, those who had been served by copy left; the third class, those who could not be found. These classes followed each other, and the page was divided into four columns headed respectively, "No.," "Names," "By whom served, "When served." Under class 1 were twenty-one names occupying the space down to class 2. Then followed nine names by number, and then followed class 3 and its heading, under which was written:

| No. | Names | By whom served | When served |
|---|---|---|---|
| 22 | E. L. Posey | W. G. Ouzts | Oct. 21, '91 |
| 23 | W. H. Mayson | W. H. Ouzts | Nov. 2, " |
| 24 | W. J. Edwards | "        " | "    "    " |
| 25 | L. R. Feaster | W. G. Ouzts | Oct. 24, " |
| 1 | P. B. Bush, | *Non est* | |
| 2 | John M. Dorn | "        " | |

The return stated that the sheriff and his deputies "severally swear that the statement contained in the first and second classes of the said schedule of different services by us respectively made, are true." The objection made is that there is no return as to

the names above written.   Upon this objection the trial judge ruled :

Now, the next is, that there is no oath attached to the third schedule, I believe.

Mr. Folk : The persons named who appear in the column beneath the first and second class.

The Court : · That is a technical exception.   That printed line appears in between—there's a column 1, 2, 3, 4, and runs down to 25.   I hold that those names that you say are in the third class are not in the third class, but were in the second and sworn to.

*Messrs. Folk & Folk,* for appellant.

*Mr. Nelson,* solicitor, contra.

July 4, 1892.   The opinion of the court was delivered by

MR. CHIEF JUSTICE MCIVER.   These two cases, involving precisely the same questions, were heard·and will be considered together.   In both of the cases the defendants, upon being put upon their trial for murder, moved to quash the venire both of the grand jury which found the bills of indictment and that of the petit jury from which the jurors were empanelled to try the cases.   The motions to quash being overruled in both of the cases, the trials proceeded and resulted in convictions of murder in both of the cases, whereupon both defendants moved in arrest of judgment and for a new trial, which motions were overruled and the defendants duly sentenced.   They now bring these appeals upon the several grounds set out in the record, which may be stated substantially as follows :

1. Because of error in refusing to quash the venires for grand and petit jurors, upon the ground that the sheriff failed to make return of the same before the day fixed for the opening of the court.

2. Because of error in holding that the grand and petit jurors, whose names appear in schedule 1, were properly and legally served.

3. Because of error in holding that the grand and petit jurors, whose names appear in schedule 2, were legally summoned.

4. Because of error in holding that the grand and petit jurors, summoned by James D. Ouzts and W. G. Ouzts, were legally summoned, when the said venires and, returns did not show that the persons named were the legally constituted deputies of the sheriff.

5, 6, and 7. Because of error in holding that a minor could legally act as the deputy of the sheriff in serving the jurors.

8. Because of error in holding that thirty-six good and lawful men had been drawn and summoned, when it appeared that three of the persons so drawn and summoned were exempt from jury duty.

9, 10, and 11. Because of error in holding that the persons drawn for grand jurors were properly drawn by the board of jury commissioners.

12. Because of error in ordering and allowing the deputy clerk of the court to make a certificate upon the original order of Judge Kershaw, that a copy of said order had been served upon the board of jury commissioners, after objection made by defendant's counsel and pending the argument for a new trial in said case. The 13th ground having been abandoned, need not be stated.

14. Because of error in holding that the sheriff had made his returns as to the persons named in schedule 3 of said venires for grand and petit jurors, when said returns were as to the persons named in schedules 1 and 2 only, and there was no return or certificate as to the persons named in schedule 3.

15. This ground is of too general a character to require any attention.

For a proper understanding of some of these grounds of appeal, a brief statement of the facts appearing in the "Case" will be necessary, as we proceed to consider each of these grounds *seriatim.* As to the first ground, the facts are, that the court for Edgefield County opened on the 9th day of November, 1891, and the sheriff's return alluded to in this ground bears date on that day, but there is no evidence that such return was made before or after the opening of the court on that day. Hence, upon the well settled principle that, in the absence of evidence to the contrary, it will be presumed that a public officer has done his duty, we are bound to presume that this return

was made before the opening of the court on that day, and therefore this ground cannot be sustained. The contention on the part of the appellants, that the court takes no notice of fractions of a day, while true in some instances, does not apply here, for the statute, section 2246 of the General Statutes, does not require the return of the writ of venire to be made before the day fixed for the opening of the court, but the language is, "before the opening or time of holding the court from which it issued." If, therefore, the return was made, as we must presume it was, before 10 o'clock a. m. on the 9th of November, 1891, the hour fixed by immemorial usage as the time for opening the court on the first day of the term, it was made in ample time.

The point of the 2nd ground of appeal seems to be that the return does not show that the venire was read to each juror as he was served, with his endorsement thereon of his having been drawn. Here, too, the same presumption may be invoked, as it did not appear that this was not done. The language of the statute, section 2246, is that the sheriff shall summon each juror who is drawn by reading to him the venire, "with his endorsement thereon of his having been drawn." Exactly what the words placed in quotation marks mean, it is somewhat difficult to say. They cannot refer to the juror summoned, as he can know nothing about his being drawn, except what already appears on the writ, and they probably refer to the endorsement to be made by the sheriff in the schedules attached, which in this case was made. This ground must, therefore, be overruled.

The 3rd ground of appeal is based upon the fact, that the sheriff in making his returns of service under schedule 2, states that the service of the summons upon each of the persons therein named was made by leaving the same "at his house or usual place of residence," instead of "at his place of abode." These expressions are so manifestly substantially the same, that it would be the extreme of technicality to hold that one could not be substituted for the other. This ground must, therefore, be overruled.

4th. The point of this ground seems to be that there was no writing endorsed upon or attached to the writ of venire, showing that the two deputies who had served some of the jurors had

been duly appointed by the sheriff for that purpose.
The statute authorizes the sheriff to appoint special deputies, such as these persons seem to have been, but there is no requirement that such appointment shall be evidenced by some writing endorsed upon or attached to the papers which they are appointed to execute; and what is more, the evidence in writing of their appointment was handed to the court when called for, but when such written appointment was made, does not appear. There is nothing, therefore, in this ground.

5th, 6th, and 7th. These grounds in different forms raise the question whether a minor can legally act as special deputy of the sheriff, and as such legally summon jurors under a writ of venire. A special deputy not being an *officer* in the proper sense of that word, and not being required to give any bond, and the sheriff, by the express terms of the statute, being made responsible for his conduct, we see no reason why the sheriff may not appoint a minor as his special deputy to serve or execute any particular paper. In such a case the deputy acts merely as the agent of the sheriff, who is responsible for the acts of his agent, within the scope of his agency; and as there can be no question that a minor may act as the agent of another, we do not see why, upon the same principle, the sheriff may not appoint a minor his special deputy or agent. But we do not deem it necessary to argue the question, as we think it is settled by authority. *McConnell* v. *Kennedy*, 29 S. C., 190, 191. See, also, the well considered North Carolina case, cited by the solicitor, of *Jamesville & W. R. R. Co.* v. *Fisher*, 109 N. C., 1, 13 S. E. Rep., 698, where Avery, J., in delivering the opinion of the court, points out the distinction between such a case as this and the case of *Cuckson* v. *Winter*, 17 E. C. L. Rep., 306, cited and relied upon by the counsel for appellant in the present case. These grounds of appeal must, therefore, be overruled.

The 8th ground is based upon the fact, that of the thirty-six persons summoned as petit jurors three were exempt from jury duty, and it is contended that they were not, therefore, "good and lawful men"; but this question has already been distinctly decided by this court adversely to the view contended for by counsel for appellants in the case of *State* v.

*Merriman,* 12 S. E. Rep., 625, reported also in 34 S. C., 16, where it is said: "While the persons named may have been exempt from jury duty, it does not appear that they were not 'qualified by law to serve as jurors.' Their exemption was a personal privilege which they might or might not claim, but it did not disqualify them as jurors." These remarks apply with equal force to the present case.

The 9th, 10th, and 11th grounds of appeal grow out of the following state of facts: It seems that at the August term of the court for Edgefield County, his honor, Judge Fraser, had quashed the writ of venire for grand jurors for certain irregularities in issuing the writ, whereupon the solicitor of the Circuit, in which the County of Edgefield is embraced, applied for and obtained from his honor, Judge Kershaw, the resident judge of said Circuit, an order, bearing date 24th of August, 1891, directing "That the board of jury commissioners for said County of Edgefield proceed, at least fifteen days before the next term of the Circuit Court for said County, according to law, to draw a grand jury for said county to serve for the remainder of the present year. Let the clerk of the court serve a certified copy of this order upon each member of the board of jury commissioners for Edgefield County." In the "Case" we find a certificate of the clerk of the court, bearing date the 18th of November, A. D. 1891, setting forth that the board of jury commissioners was served with a copy of the foregoing order at least fifteen days before the sitting of the November term of court.

We also find in the "Case" a writ of venire issued by the clerk and directed to the sheriff, requiring him to serve the three persons therein named as jury commissioners with said writ, requiring them to draw and annex to the panel of the writ, as provided by law, the names of eighteen good and lawful men, whom the sheriff is required immediately to summon "to be and appear before the Court of Common Pleas and General Sessions for the county aforesaid, to be holden at Edgefield C. H. on the 9th day of November next, at 10 o'clock in the forenoon, to serve as grand jurors." This writ bears date the 12th day of October, A. D. 1891, and contains the list of the names of the persons drawn to serve as grand jurors in obedience to said writ of venire, upon

which is endorsed: "We hereby accept service of this venire," signed by the three persons constituting the board of jury commissioners, together with a certificate, signed by said three persons, bearing date 20th of October, 1891, to the effect that they had on that day drawn from the jury box, in accordance with the law and in obedience to said writ of venire, the names of the persons inserted in the panel. Then follows the return of the sheriff, under oath of himself and his two deputies, setting forth that "the statement contained in the first and second clauses" of the schedule annexed, "of different services by us respectively made, are true."

Under this statement of facts, all of which appear in the record, we do not think that any of the objections to the legality of the grand jury can be sustained. Under the contingency arising from the order of Judge Fraser quashing the writ of venire under which the grand jury for the year 1891 had been drawn, it became necessary for Judge Kershaw, the resident judge of the Circuit, to issue his order, under the provisions of section 2257, to the board of jury commissioners to draw jurors for the November term, which, as we have seen, was done. That section provides that in such a contingency as had occurred, upon the same being brought to the attention of the resident Circuit Judge, "it shall also be lawful for such Circuit Judge to issue his order to the board of jury commissioners of the county for which said Circuit Court shall be held, at least fifteen days before the sitting thereof, to proceed to draw jurors for such term, or to take such measures as may be necessary to correct such error." The manifest object of this section was to prevent delay of justice by supplying any deficiency or irregularity in the drawing or summoning of jurors; and it will be observed that the mode of effecting this result is prescribed in language not mandatory, but permissive merely— "it shall be lawful," &c. It would seem, therefore, that where the desired object is accomplished, the fact that it has not been done precisely in the manner permitted, should not be allowed to affect its legality.

Now, the objection upon which all these three grounds appears to rest, though stated in somewhat different forms, is that the board of jury commissioners, which drew the grand jurors in these

two cases, acted not under the order of Judge Kershaw, but under a writ of venire issued by the clerk. As we have seen, the record shows that the board of jury commissioners were served with a copy of Judge Kershaw's order "at least fifteen days before the sitting of the November term of court," and they, therefore, were informed of its provisions, and must be presumed to have acted under its authority. The fact that the clerk also issued a formal writ of venire, cannot affect the legality of their action. There is nothing, so far as we are informed, forbidding the clerk from issuing such a writ in a case like the present, and, indeed, as it seems to us, that was the most regular mode of proceeding, especially where the writ, as in this case, did not require a grand jury to be drawn for the whole year, as the general law prescribes, but only for the court to be held "on the 9th day of November next," which was exactly in accordance with the true intent and spirit of the order of Judge Kershaw; for the court will take judicial notice of the fact that the November term was the only remaining term for that year, and the jurors drawn for that term were, in effect, drawn "for the remainder of the present year," as provided in Judge Kershaw's order. That order was, therefore, neither ignored nor disregarded, but, on the contrary, was practically complied with. We do not think that either of these grounds can be sustained.

The 12th ground of appeal rests upon a misconception of fact, in one instance at least. The record does not show that the certificate therein referred to was made by the deputy clerk, but, on the contrary, the certificate, as set out in the "Case," purports to have been signed by the clerk himself. Waiving this, however, we see nothing in this ground. If the order of Judge Kershaw was, in fact, served upon the board of jury commissioners, as to which there can be no dispute, the failure to endorse on the original order a certificate of such service at the time, cannot affect the legality of the service: such return may be made *nunc pro tunc.* Some question was made in the argument here, that the return of service only shows that the board was served, and not each member of the board, as required by Judge Kershaw's order. We do not think there is anything in this. We do not well see how the board could be served with-

out serving each member, and in the absence of any evidence to the contrary, we would presume that such was the fact.

It only remains to consider the fourteenth ground, the 13th having been abandoned, and the 15th too general to merit consideration. This ground rests upon such an extreme technicality, which could be much better understood by an inspection of the originals than by the copies as set forth in the "Case," that we are content to rest our conclusion upon what is said by the Circuit Judge in his rulings upon the several objections raised by appellants. Indeed, from the fact that it was not pressed in the argument here, we presume it was abandoned. But whether abandoned or not, we have not been able to discover any merit in this ground.

The judgment of this court is, that the judgment of the Circuit Court, in each of the cases stated in the title, be affirmed, and that the said cases be remanded to the Court of General Sessions for Edgefield County, in order that a new day may be assigned for the execution of the sentence heretofore imposed in each of said cases.