### PRINCE v. DICKSON.

1. JUDGMENT—PRESUMPTION OF PAYMENT.—A judgment is presumed to be paid after the lapse of twenty years, if there be no intermediate admissions or renewals.

2. IBID.—DISPROOF OF SERVICE.—Where proceedings to renew a judgment show proper service on their face, the order of renewal can be attacked only by a direct proceeding instituted for that purpose. It is final and conclusive in any subsequent collateral inquiry.

3. IBID.—COLLATERAL ATTACK.—Under summons to renew a judgment, a defence attacking the service of a former summons under which this same judgment had been previously renewed, is not an attack by direct proceeding; and, therefore, the regularity of the service of such former summons must be determined by the record itself.

4. SERVICE OF SUMMONS TO RENEW JUDGMENT.—Section 159 of the Code of Procedure *seems* to relate only to summons for the commencement of an action, and not to summons to renew a judgment.

5. IBID.—PRESUMPTIONS.—A certificate by a sheriff declaring a summons to have been personally served by his special deputy, is a sufficient certificate of service by the sheriff, and shows jurisdiction acquired by the court; and after a lapse of seventeen years, the court would assume, if necessary, that the sheriff was present when his deputy handed it by his direction to the defendant.[1]

6. A DEPUTY SHERIFF is not an officer, but a mere agent of the sheriff that employs and uses him.

7. JUDGMENT—PAYMENT—EVIDENCE.—Where defendant pleads payment of a judgment sought to be renewed, the plaintiff may introduce parol testimony to prove non-payment.

8. SUMMONS TO RENEW JUDGMENT.—A notice by judgment plaintiff to judgment defendant that a motion would be made at a specified time and place for an order to issue a new execution for the enforcement of the judgment, is all-sufficient as a summons to renew the judgment.

Before WITHERSPOON, J., Chesterfield, September, 1892.

This was a summons issued by W. L. T. Prince, as administrator, served April 8, 1892, on Mary A. Dickson, to renew judgment obtained by the plaintiff against the defendant on September 14, 1866. The case turned on the proper service of

---

[1] See note in 19 L. R. A., at page 177.

a summons, upon which an order of renewal was passed on September 10, 1875.

*Messrs. H. H. Newton* and *A. A. Pollock,* for appellant.

*Mr. W. F. Stevenson,* contra.

September 29, 1893.  The opinion of the court was delivered by

MR. CHIEF JUSTICE MCIVER.  This was a summons to renew an execution issued to enforce a judgment, originally docketed on the 14th day of September, 1866, which, as the plaintiff alleges, was renewed first by an order of court bearing date 10th September, 1875.  The defendant in her answer showed for cause why said execution should not be renewed: 1st. "That the judgment debt which purports to be represented by the alleged execution has been fully paid and discharged in law.  2d. That she denies the allegation in the said summons contained, that the execution was renewed in 1875, and alleges that the pretended renewal thereof is void.  3d. That she is advised, and, therefore, alleges, that there is no valid record upon which to base an execution in this case.  4th. The respondent has been recently informed that there is a purported order of renewal of the alleged execution in the above cause. She is surprised at this, for the reason that no notice or summons was ever served upon her informing her that application would be made to renew the execution in this case.  She is further informed that there is a notice in the record of this case which has upon it a certificate or statement purporting to be made by Sheriff Spofford, to the effect that by his special deputy, Isham Drake, he served a copy of said notice upon her on the 2d day of January, A. D. 1875, at deponent's place of residence in Chesterfield County.  That the said certificate is based upon an erroneous statement of facts.  That Isham Drake never delivered to respondent any such copy notice or other paper on 2d day of January, 1875, nor at any other time." Appended to her answer was the affidavit of one Isham Drake, in which he says: "That he never served any papers for Sheriff Spofford on Mrs. Mary A. Dickson in his life, and that said

return, so far as it alleges service by this deponent, is erroneous, that he never did carry any paper of any kind from Sheriff Spofford to her."

The case came before his honor, Judge Witherspoon, for hearing, when the original record, showing that judgment had been duly entered as stated in the summons in the present case, and accompanying said record, as a part thereof, were the proceedings showing that the execution had been renewed in 1875, to wit: the summons, bearing date the 1st of January, 1875, calling upon defendant to show cause why a new execution should not issue, upon which were the following endorsements: "Lodged 1st January, 1875. (Signed) P. F. Spofford, S. C. C. By my special deputy, Isham Drake, delivered a copy of this notice to Mary A. Dickson personally, at her place of residence in Chesterfield County, on the 2d day of January, 1875, and left the same with her. (Signed) P. F. Spofford, S. C. C." Also, an affidavit of the plaintiff to the effect that no part of the judgment had ever been paid, but the same remains wholly unsatisfied for the whole amount; and an order signed by his honor, Judge Townsend, renewing the execution. The plaintiff in the case was permitted to testify, against objection by defendant, that no part of the judgment had ever been paid.

The Circuit Judge rendered judgment that the plaintiff was entitled to renew his execution, and granted an order of renewal accordingly. From this the defendant appeals, upon the several grounds set out in the record, which, under the view we take, need not be repeated here.

Inasmuch as more than twenty years had elapsed from the original entry of the judgment before the present proceedings were instituted, it is quite clear that defendant's plea of payment, by operation of law, would have to be sustained, unless the proceedings instituted in 1875 will rebut the presumption of payment arising from lapse of time. The real question, therefore, is as to the legal effect of those proceedings. If those proceedings show on their face that the court which granted the order of renewal in September, 1875, had then acquired jurisdiction of the person of the defendant by legal service of the summons by

which such proceedings were commenced, then, even if, in fact, no such service had been made, the order of renewal would be final and conclusive in any subsequent collateral inquiry into the validity and effect of such order of renewal, for its validity could only be inquired into under some direct proceedings in which alone could the question of fact as to whether such service was really made or not be determined. In other words, where the record of a judgment shows upon its face that the court rendering the judgment has acquired jurisdiction of the party against whom it is rendered, neither that party nor any other person can assail such judgment for want of jurisdiction, except by some direct proceeding instituted for the purpose of correcting any alleged error in what appears upon the record, and such record must be treated as importing absolute verity until it has been so corrected. *Turner* v. *Malone,* 24 S. C., 398; *Crocker* v. *Allen,* 34 *Id.,* 452.

Unless, therefore, the present proceeding can be regarded as a direct proceeding instituted for the purpose of correcting an alleged error in the record of the proceedings instituted in 1875, it is very obvious that the court could not now enter into any inquiry as to whether the defendant was in fact served with the summons by which that proceeding was inaugurated. It seems to us that it cannot be so regarded, for, in the first place, this proceeding was not instituted by the party claiming, that there was an error in the record; and if the defence which is set up here should be allowed to prevail, the record would still stand as it stood before. This matter of correcting errors in records is too serious a matter to allow any laxity in the proceedings for that purpose. The public records are designed for the information of all persons who may have occasion to consult them, and hence the importance of the rule that a proceeding to correct an error in the record must be taken in the same case (*Crocker* v. *Allen, supra*), so that the inquirer may at once see that what purports to be a valid judgment is not so in fact. We do not think, therefore, that the defendant can be permitted, by way of defence to another proceeding, to set up an alleged error in the record; and hence any inquiry into the fact of service upon her of the summons

under which the order of renewal was obtained in 1875 was not competent to the inquiry here presented.

The question, therefore, is narrowed down to the inquiry, whether it appears by the record of the proceedings to renew the execution in 1875 that the court had then acquired jurisdiction of the person of the defendant in that proceeding. As will be seen by the endorsement found upon the notice or summons by which the proceeding to renew the execution in 1875 was inaugurated, which is copied above, the sheriff certified that by his special deputy he delivered a copy thereof to the defendant, and left the same with her, and it is contended by the appellant that was no proof of service at all, and hence that the record does not show on its face that the defendant was properly made a party. The ground upon which this contention seems to be made is, that by section 161 of the Code, in force at the time [now § 159], proof of service of the summons must be made as follows: "1. If served by the sheriff, his certificate thereof. 2. If served by any other person, his affidavit thereof." And as there was no affidavit of the special deputy who made the service (as it is assumed, erroneously as we think), there was no legal proof of service. In the first place, it will be observed that section 161 relates solely to the service of a summons by which a civil action *is commenced;* and as the summons here in question was not issued for the commencement of a new action, but a mere continuance of the original action (*McDowall* v. *Reed*, 28 S. C., 466), it may well be questioned, whether the legislature intended to require the same strictness of proof of service of a paper issued after the action was commenced as would be required for the service of a summons by which an action is commenced.

But waiving this and assuming, without deciding, for the present, that there is no difference in the requirement as to proof of service, it seems to us that the proof of service in this case was suffident. Reading the endorsement according to its terms, it must be regarded as a certificate that the service was made by the sheriff, through his agent, or special deputy, as he is termed, and under the maxim, *qui*

*facit per alium facit per se,* it should be regarded as a certificate that the sheriff had made the service. The phraseology of the certificate is somewhat peculiar: "By my special deputy, Isham Drake, delivered a copy of this notice to Mary A. Dickson personally * * * left the same with her," signed by the sheriff in his official character, is equivalent to saying that he, by his agent, delivered the paper to the defendant, and left it with her, and that certainly would be a service by the sheriff. Suppose that the sheriff had handed the paper to Drake, with a request to deliver it to defendant, who was present at the time, standing on the other side of Drake, would not that be a service by the sheriff? and if necessary to sustain the return, the court would assume, after this lapse of time, that such were the facts. The extent to which the court has gone, in order to give effect to a sheriff's return, may be seen by reference to the case of *Matherson* v. *Moore,* 2 McCord, 315, cited by respondent's counsel.

It is earnestly contended, however, by the counsel for appellant that so much of the act of 1839 (11 Stat., 28,) as provided for the appointment of a special deputy, has been impliedly repealed by the act of 1870 (14 Stat., 332), and expressly repealed by General Statutes of 1872, page 829; and, therefore, there was no statute in force in 1875, authorizing the appointment of a special deputy at that time, and hence the alleged service by a special deputy of the summons to renew the execution in 1875 was illegal and void. This position is founded upon the erroneous assumption that a special deputy is an *officer,* whereas, in fact, he is nothing more than an *agent* of the sheriff. Accordingly it has been held that even a minor, who is incapable of holding any office, may act as a special deputy of the sheriff, and service made by him is legal and valid. *McConnell* v. *Kennedy,* 29 S. C., 190; *State* v. *Toland,* 36 *Id.,* 520. See, also, to same effect *Janesville & W. R. R. Co.* v. *Fisher,* 109 N. C., 1; reported, also, in 13 S. E. Rep., 698. In the absence, therefore, of any statute forbidding the sheriff to act through an agent or special deputy (and we know of no such statute), the sheriff, like all other persons, may, and oftentimes must, act through the agency of another.

It seems to us, therefore, that the record of the proceedings to renew the execution in 1875 shows on its face that the court had then acquired jurisdiction of the person of the defendant, and the order of Judge Townsend, passed on the 10th September, 1875, rebuts the presumption of payment of the original judgment by adjudicating that the same was still then due and unpaid; and as twenty years have not elapsed since the date of that adjudication, the said judgment, in the absence of any evidence (and there is none) of any payment thereon, must still be regarded as unsatisfied either in whole or in part. The cases of *State ex rel. McCall* v. *Cohen*, 13 S. C., 198, and *Barron* v. *Dent*, 17 *Id.*, 75, relied on by appellant's counsel, are not in point. For these cases originated in a trial justice's court; and what is more important, the record in neither of those cases purported to show any service by any competent authority, or rather any service by a person who could prove the service except by affidavit, and no such affidavit appeared on the record. It follows, therefore, that there was no error on the part of Judge Witherspoon in granting the order for the renewal of the execution.

This would be conclusive of the case; but it may be as well to refer briefly to some other points made by the grounds of appeal. The fourth ground is based upon alleged error on the part of Judge Witherspoon in allowing the plaintiff in execution to testify that the judgment debt had never been paid. As we understand the law, it is always necessary for a plaintiff, when he applies for a renewal of execution, to satisfy the court that the amount due on the judgment is still unpaid; and in this view the testimony objected to was clearly competent. Besides, it was directly in reply to the plea of payment set up in the answer of the defendant.

The seventh ground of appeal takes exception to the form of the notice issued to renew the execution in 1875, and the point of the objection seems to be that such paper was not in the form, and did not contain the requisites of a summons. We are not informed of any statute prescribing any form or any special requisites of a summons. As has been held in the case of *Genobles* v. *West*, 23 S. C., 154, a summons

is a mere notice addressed to the defendant, giving him information that a certain proceeding has been commenced for a certain purpose; and when the defendant was informed, by the notice here in question, that a motion would be made, at a specified time and place, "for an order to issue a new execution for the enforcement of the judgment above stated," it seems to us that all the essential requirements were complied with.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.