19985

Timothy BRYANT, Appellant, v. STATE of South Carolina et al., Respondents

(213 S. E. (2d) 451)

*Robert A. Weiss, Esq., of* Charleston, *for Appellant.*

*Robert B. Wallace, Esq., Sol., of* Charleston, *for Respondents.*

April 1, 1975.

LEWIS, Justice:

Appellant was convicted on Decmber 14, 1971 of the unlawful sale of heroin and received a sentence of fifteen (15) years. He presently appeals from the denial of two successive applications for post-conviction relief.

Appellant's present court-appointed counsel has advised the Court through a brief that he is convinced that the appeal is wholly frivoluos and requests leave to withdraw from further prosecution of the appeal. Counsel has complied with *Anders v. State of California,* 386 U. S. 738, 87 S. Ct. 1396, 18 L. Ed. (2d) 493, including the service of his brief upon appellant who has filed a responsive brief critical of the conclusions of counsel and contending that there is merit to the appeal.

Counsel has cited two probable grounds of appeal, based upon alleged error in the court's instructions to the jury and the contention that a special deputy sheriff, who was permitted to serve on the jury, was disqualified. Appellant ad-

ditionally contends in his responsive brief that the State failed to prove his guilt beyond a reasonable doubt, that he was deprived of a fair trial, and that the brief of his appointed counsel in this appeal deprives him of his right to counsel.

After a careful review of the entire record, we are convinced that the appeal is manifestly without merit and wholly frivolous. While we conclude that the appeal is without merit, we think it proper to deal briefly with the question concerning the qualification of the special deputy sheriff to serve as a juror.

Appellant objected to one of the jurors solely because he was a special deputy sheriff. There was no showing of bias or prejudice on the part of the juror and the trial judge correctly ruled that his status as a special deputy sheriff was not a disqualification.

Section 38-101, 1962 Code of Laws, deals with the disqualification of certain persons to serve as jurors and provides:

"No clerk or deputy clerk of the court, constable, sheriff, probate judge, county commissioner, magistrate or other county officer or any person employed within the walls of any courthouse shall be eligible as a juryman in any civil or criminal case."

The juror in this case was a special deputy sheriff whose appointment and status is controlled by Section 53-83, 1962 Code of Laws. The pertinent portion of this section is as follows:

"The sheriff, . . ., may appoint special deputies as the exigency of his business may require for the service of process in civil and criminal proceedings only. He shall be responsible for the conduct of such special deputies."

Section 38-101 does not specifically disqualify a special deputy sheriff from jury duty. He is not "employed within the walls of any courthouse" nor is he a "county officer",

within the meaning of the above statute, *Prince v. Dickson,* 39 S. C. 477, 18 S. E. 33. The trial judge properly held that the status of the juror as a special deputy sheriff did not disqualify him from jury duty.

The request of counsel for leave to withdraw from further prosecution of the appeal is accordingly granted, and the appeal is dismissed.

Moss, C. J., and BUSSEY, LITTLEJOHN and NESS, JJ., concur.