Almer MARTINDALE Jr. *v.* Charles L. HONEY

75-102                                    533 S.W. 2d 198

Opinion delivered March 1, 1976

*James E. Davis,* for appellant.

*Norman M. Smith,* for appellee.

ROBERT S. LINDSEY, Special Chief Justice. To the question "May a member of the General Assembly, during his term of office, constitutionally be appointed a deputy prosecuting attorney?", we answer "No."

On August 1, 1973, the prosecuting attorney appointed appellee Charles L. Honey, a member of the House of Representatives, to the position of deputy prosecuting attorney for Nevada County. In chancery court appellant Almer Martindale, Jr., as a citizen and taxpayer, challenged the legality of the appointment.

The chancellor transferred the action to circuit court - "insofar as the question of the defendant's legal qualifications to be appointed and to serve . . . is concerned," but retained jurisdiction to afford the plaintiff the remedy of an accounting, should the plaintiff's contentions concerning Honey's qualifications to serve as deputy prosecuting attorney be upheld. There was no motion to transfer back to chancery court and it is not necessary to discuss or decide the propriety of the transfer to circuit court. *Quinn v. Murphy,* 181 Ark. 260, 25 S.W. 2d 429 (1930).

Section 10 of Article 5 of the Arkansas Constitution provides:

"No Senator or Representative shall, during the term for which he shall have been elected, be appointed or elected to any civil office under this State."

By Section 1 of Article 4 the powers of government of the

418

State are "divided into three distinct departments," legislative, executive and judicial.

Section 2 of Article 4 reads:

"No person, or collection of persons, being one of these departments, shall exercise any power belonging to either of the others, except in the instances hereinafter expressly directed or permitted."

The Constitution provides for the office of prosecuting attorney and places it in the judicial department. Art. 7, § 24. It is a State office and the prosecuting attorney is an officer of the State. *Griffin v. Rhoton,* 85 Ark. 89, 107 S.W. 380 (1907); *Smith v. Page,* 192 Ark. 342, 91 S.W. 2d 281 (1936).

The office of deputy prosecuting attorney has been created and provided for by the legislature, a deputy being appointed by the prosecuting attorney, with the appointment not to take effect until approved in writing by the circuit court. Ark. Stats. Ann. § 24-119 (Repl. 1962).

In previous discussions concerning whether a particular position was an office or a mere employment, we have said that the distinction often becomes indistinct and we have refrained from framing an inflexible definition or drawing a precise line. *Lucas v. Futrall,* 84 Ark. 540, 106 S.W. 667 (1907); *Rhoden v. Johnston,* 121 Ark. 317, 181 S.W. 128 (1915); *Middleton v. Miller County,* 134 Ark. 514, 204 S.W. 421 (1918); *Maddox and Coffman v. State,* 220 Ark. 762, 249 S.W. 2d 972 (1952); *Bean v. Humphrey, State Auditor,* 223 Ark. 118, 264 S.W. 2d 607 (1954); *Haynes v. Riales,* 226 Ark. 370, 290 S.W. 2d 7 (1956).

Somewhat by definition, there is a distinction between deputies and assistants. Ordinarily, a deputy acts officially for another, as a substitute, and by his appointment exercises the office in his principal's right or name, his acts being of equal force with those of the officer himself. 63 Am. Jur. 2d *Public Officers and Employees,* §§483 through 487, 67 C.J.S. *Officers,* §148.

This court has said

"It is true that it is generally said that a deputy prosecuting attorney, legally appointed, is generally clothed with all the powers and privileges of the prosecuting attorney, but he must file the information in the name of the prosecuting attorney." *Johnson v. State,* 199 Ark. 196, 203, 133 S.W. 2d 15, 18 (1939); *Bingley v. State,* 235 Ark. 982, 363 S.W. 2d 530 (1963).

In the latter case we upheld the validity, under Amendment 21 to the Constitution, of an information where the name of the prosecuting attorney and the word "by" were typewritten and followed by the signature of the deputy prosecuting attorney.

As noted, the office of deputy prosecuting attorney is created by law; deputy prosecuting attorneys regularly exercise some of the State's soverign power in the judicial department; their duties are statutory rather than contractual; they hold their positions by official appointments, not by contract of hire; and their compensation is fixed or regulated by law. These characteristics of the office, considered collectively, indicate a public office as contrasted with a mere public employment, even though every public office may be an employment.

The circuit judge, after holding that a deputy prosecuting attorney "is not a civil officer within the meaning of the constitutional prohibition," dismissed the plaintiff's complaint. Having concluded that a member of the General Assembly is prohibited by our Constitution from being appointed or serving as a deputy prosecuting attorney, we reverse and remand with directions that judgment be entered declaring that the appellee, during his term of office as a member of the General Assembly, is ineligible to be appointed or to serve as a deputy prosecuting attorney.

HARRIS, C.J., disqualified and not participating.

HOLT, J., disqualified and not participating,

Special Justice H. DAVID BLAIR sitting in his stead.

FOGLEMAN and JONES, JJ., dissent.

JOHN A. FOGLEMAN, Justice, dissenting. It may well be that the majority has reached a desirable result. But even if the answer given should be correct, it has been given to the wrong question. The principal basis of my disagreement is the question as stated by the majority. I humbly submit that the only question presented to the trial court or in the briefs was somewhat different. It was whether the appointment of a representative to the position of deputy prosecuting attorney violates Art. 5 § 10 of the Arkansas Constitution. The judgment was entered upon motions for summary judgment made by each of the parties. Appellant's motion was based upon the sole contention that the position of deputy prosecuting attorney was a civil office. Appellee's motion was based upon the contention that the deputy prosecuting attorney was a public employee and not a civil officer. Art. 4 § 2 was never mentioned by anyone except the members of this court. More simply stated, the question at issue in the trial court and submitted to us was: "Is the position of deputy prosecuting attorney a civil office?" I cannot agree with the majority in this respect. As I see it, a deputy prosecuting attorney is an employee, not a civil officer.

Although this court has appropriately avoided any rigid rule in the matter, the importance of certain factors cannot be overlooked. In *Maddox v. State,* 220 Ark. 762, 249 S.W. 2d 972, cited in the majority opinion, we said:

Since the distinction between a public officer and a public employee tends to become indistinct when the position in dispute has some of the characteristics of each, we have never attempted to frame an inflexible definition of either. Yet the governing principles are well established. A public officer ordinarily exercises some part of the State's soverign power. His tenure of office, his compensation, and his duties are usually fixed by law. The taking of an oath of office, the receipt of a for-

mal commission, and the giving of a bond all indicate that a public office is involved, although no single factor is ever conclusive. *** On the other hand, mere public employment differs from a public office in that some or all of these characteristics are lacking.

It is clear that a school teacher, whose tenure, compensation, and duties are all fixed by his contract with the school board, is an employee rather than an officer. ***

As in *Maddox,* some of the *important* characteristics of a public office (which I take to be included within the definition of a civil office) are missing.

In the first place the deputy prosecuting attorney has no authority to exercise any of the sovereign power in his own name. Whatever power he exercises is in the name of his principal, the prosecuting attorney. It is clear that this power can be limited by the prosecuting attorney. In considering Ark. Stat. Ann. § 24-120 (Repl. 1962) giving the deputy prosecuting attorney the authority to file informations charging persons with criminal offenses, we made it quite clear that there was only a prima facie presumption that a deputy prosecuting attorney has been authorized to file an information. *State* v. *Eason,* 200 Ark. 1112, 143 S.W. 2d 22. There we said:

> *** Pope's Digest, § 10885, authorizes deputy prosecuting attorneys to file information in their own names. There is, prima facie, a presumption that a deputy prosecuting attorney acts under direction of his superior. Until the authority is questioned and there is failure of the prosecuting attorney to affirm, the information, being voidable only, is sufficient to bring the defendant before the court, and in consequence such court acquires jurisdiction.

The deputy prosecuting attorney is only required to attend and prosecute charges on behalf of the state when a warrant has been issued by a judicial officer, or when a judicial officer or the prosecuting attorney requests him to do so. See Ark.

Stat. Ann. §§ 24-121, 123 (Repl. 1962). Thus it may be clearly seen that the deputy prosecuting attorney's exercise of the sovereign powers of government is in the name of another.

The acts of a deputy in the name of his principal are those of the principal and not of the deputy, and it is the principal not the deputy who is exercising the sovereign power. *State* v. *Christmas*, 126 Miss. 358, 88 S. 881 (1921). See also, *Jamesville & Washington R. Co.* v. *Fisher*, 109 N.C. 1, 13 S.E. 698, 13 LRA 721 (1891); *Oklahoma City* v. *Century Indemnity Co.*, 178 Okla. 212, 62 P. 2d 94 (1936). Where the statute confers a power to be exercised only in the name of the principal the deputy is not an officer. 67 CJS 450, Officers § 148. *State* v. *Christmas*, supra; *State* v. *Houck*, 31 Ohio Cir. Ct. Rep. 15 (1908). See also, *Nelson* v. *Troy*, 11 Wash. 435, 39 P. 974 (1895).

The investment of sovereign powers in the incumbent is one of the more important, if not the most important, criteria of public office. 63 Am. Jur. 2d 627, Public Officers & Employees, § 2; 67 CJS 110, Officers, § 5b (2). We have said that sovereign powers are a necessary requisite to any office. *Bean* v. *Humphrey*, 223 Ark. 118, 264 S.W. 2d 607.

Tenure is also an important, even if not controlling, characteristic of a public office. A deputy prosecuting attorney has no tenure and cannot be assured any by agreement of the prosecuting attorney. He may be removed by the prosecuting attorney at any time. Ark. Stat. Ann. § 24-120. *Sheffield* v. *Heslep*, 206 Ark. 605, 177 S.W. 2d 412. Certainly, it would be hard for one subject to dismissal on a moment's notice to feel that he had the security of a civil office.

Some duties of the deputy prosecuting attorney are stated by law. As pointed out, those stated are not duties until someone else has acted to make them so. But I am sure that no one would say that his duties are fixed by law, so that other duties could not be assigned by the prosecuting attorney. It is common knowledge that deputy prosecuting attorneys do many things other than those named in the statutes.

There is no requirement that the deputy prosecuting at-

torney take an oath, were it not for the holding that he holds a civil office bringing him within the purview of Art. 19 § 20. I find no requirement that any formal commission be issued to a deputy prosecuting attorney or that his appointment be formal in any sense. It is only required that the appointment be approved, in writing, by the circuit court. Ark. Stat. Ann. § 24-119. No bond whatever is required.

Upon review of the *Maddox* requirements, I find only one of the criteria for determining whether one is the holder of a public office which is met in this case. That is the fixing of compensation by law. I do not see how such an important determination can rest upon such a slim reed.

To illustrate the importance of the distinction between the question at issue and the question posed and answered by the majority, I point out that if Art. 5, § 10 is applicable, a senator or representative could not even resign before the expiration of his term and accept appointment as a deputy prosecuting attorney. *People* v. *Lennon,* 86 Mich. 468, 49 N.W. 308 (1891); *Richardson* v. *Hare,* 381 Mich. 304, 160 N.W. 2d 883 (1968); *State* v. *Sutton,* 63 Minn. 147, 65 N.W. 262, 30 LRA 630, 56 Am. St. Rep. 459 (1895); *Chenowith* v. *Chambers,* 33 Cal. App. 104, 164 P. 428 (1917); *Baskin* v. *State,* 107 Okla. 272, 232 Pac. 388, 40 ALR 941 (1925); Annot 5 ALR 117, 120 (1920), S 40 ALR 945 (1926). Cf. *Jones* v. *Duckett,* 234 Ark. 990, 356 S.W. 2d 5; *Johnson* v. *Darrell,* 220 Ark. 675, 249 S.W. 2d 5. If the majority's result should be reached by applying Art. 4 § 2, he could.

I would affirm the judgment.

I am authorized to state that Mr. Justice Jones joins in this opinion.