The Honorable Scott Hunter Prosecuting Attorney, 2nd Judicial District P.O. Box 926 Jonesboro, AR 72403
Dear Mr. Hunter:
This is in response to your request for an opinion on the following question:
 Within the limits set by Act 487 of 1983 as amended by Act 195 of 1991, does the Prosecuting Attorney or the Quorum Court have the authority to set or designate the salary and expenses to be paid to the Deputy Prosecuting Attorney for Poinsett County?
In my opinion, the above-mentioned Acts give the prosecuting attorney, rather than the quorum court, the authority to designate the salary and expenses to be paid deputy prosecuting attorneys for Poinsett County, within the limits set therein.[1]
Amendment 21, § 2 to the Arkansas Constitution provides:
 The General Assembly of Arkansas shall by law determine the amount and method of payment of salaries of prosecuting attorneys.
In Act 487 of 1983, the legislature set the salary and contingent expense allowance of deputy prosecuting attorneys for Poinsett County. The Act provides, in pertinent part:
 Section 1. The Prosecuting Attorney of the Second Circuit-Chancery Court Circuit may appoint one (1) or more deputy prosecuting attorneys for Poinsett County at a combined salary not to exceed twenty thousand dollars ($20,000) per annum, plus a combined contingent expense allowance not to exceed five thousand dollars ($5,000) per annum.
 Section 2. The salaries and contingent expense allowances provided for in this Act shall be paid by the county in twelve (12) monthly installments to the deputies and in such amounts within the total amounts provided herein as may be designated by the Prosecuting Attorney upon claims filed by such deputies and allowed as claims against the county general revenue fund. . . . [Emphasis added.]
Act 195 of 1991 amended Section 1 of Act 487 to raise the salary and contingent expense limits of Poinsett County deputy prosecuting attorneys to $35,000 per annum and $20,000 per annum, respectively. Section 2 of Act 487 remains intact. In my opinion, a plain reading of these two Acts reveals the legislature's intent that the Prosecuting Attorney of the Second Judicial District determine the salary and contingent expense allowance of Poinsett County Deputy Prosecuting Attorneys within the limits imposed therein. Had the legislature intended the quorum court to have any discretion in the matter, it would presumably have so stated. See, e.g., A.C.A. § 16-21-701(a)(2)(A), providing for the salary and contingent expense allowance of deputy prosecuting attorneys for Crittendon County, which is also in the Second Judicial District.
We note in closing that the constitutional and statutory provisions authorizing county quorum courts to set salaries of county officers and employees do not apply in this instance.See Ark. Const. amend. 55, § 5 and A.C.A. §§ 14-14-801(b)(6) and (b)(7) (1987). Prosecuting attorneys are not considered county officers; rather, they are constitutional state officers.See Martindale v. Honey, 259 Ark. 416, 533 S.W.2d 198 (1976).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
Winston Bryant Attorney General
[1] It must be noted that this opinion is limited to the specific question posed.