The Honorable Cliff Hoofman State Senator P.O. Box 1038 North Little Rock, AR 72115
Dear Senator Hoofman:
This is in response to your request for an opinion regarding Section 1(a)(5)(B) of Act 819 of 1991. Section 1(a)(5)(B) provides for a part-time deputy prosecuting attorney to prosecute cases in Maumelle Municipal Court and provides that the part-time deputy shall be "paid by the Maumelle city treasurer only such prosecutor fees as are allowed and collected on a case by case basis." You have asked whether the payment of such fees is in violation of the Arkansas Constitution or of Act 904 of 1991, and whether it would be appropriate to pay such fees to the deputy prosecutor directly from the municipal court bank account. In my opinion, the answer to these questions is "no."
With regard to the constitutionality of Section 1(a)(5)(B) of Act 819, we note that Amendment 55, § 5 to the Arkansas Constitution provides that fees of county offices shall not be the basis of compensation for officers or employees of county offices. This provision does not apply to prosecuting attorneys, however, because they are not county officers or employees; rather, they are state officers. See Martindale v. Honey, 259 Ark. 416,533 S.W.2d 198 (1976). Indeed, the Arkansas Constitution provides that the amount and method of payment of salaries of prosecuting attorneys are to be set by the General Assembly. See Ark. Const., amend. 21, § 2. Thus, the General Assembly's provision for payment of the part-time deputy prosecuting attorney serving Maumelle Municipal Court in Section 1(a)(5)(B) of Act 819 of 1991 does not violate the Arkansas Constitution.
With regard to whether Section 1(a)(5)(B) of Act 819 is in conflict with Act 904 of 1991, we note that Act 904 is an attempt to standardize numerous statutes in Arkansas providing for court costs and fees. While it repealed some costs and fees, Act 904 specifically provides for certain fees to be paid to prosecuting attorneys. See Act 904 of 1991, §§ 9, 13, and 15. Thus, Act 819 of 1991 does not appear to conflict with Act 904 of 1991 by providing that a part-time deputy prosecuting attorney shall be paid by allowable fees.
Finding no constitutional or other legal prohibition against payment of the fees provided for in Section 1(a)(5)(B) of Act 819, we next consider whether it would be appropriate for the city treasurer to pay the fees to the part-time deputy prosecutor directly from the municipal court bank account. You state in your request that the municipal judge refuses to transfer collected fees to the city treasury and that the city has no funds to pay the deputy prosecutor. You also note that the city treasurer may sign checks on the municipal court bank account. While fees and costs collected in municipal courts in counties with a population of 250,000 or more are generally collected by the municipal court clerk and deposited in the city treasury of the city in which the court is located, fees and costs established by law for other specific purposes shall be disposed of according to law. See
A.C.A. § 16-17-119(a) (1987). Such specific purposes include, but are not limited to, state police retirement funds, library and building funds, legal education funds, prosecuting attorney funds, public defender funds, and funds established for the expenses of the judiciary in general other than in municipal courts. Because they are established by law for a specific purpose, fees collected for payment to prosecuting attorneys should be included in this category and disposed of according to law, even if distinguishable from prosecuting attorney funds.
Act 819 of 1991, however, provides only that the part-time deputy prosecuting attorney in question shall be paid by the Maumelle City Treasurer; it does not otherwise specify how payment should be made. See Act 819 of 1991, § 1(a)(5)(B). Similarly, A.C.A. §21-6-410 (Supp. 1989), as amended by Act 904 of 1991, does not generally provide for the disposition of fees allowed to prosecuting attorneys thereunder. It does provide, however, that city attorneys who prosecute misdemeanor and city ordinance violations in municipal, police, and city courts are entitled to the same fees prosecuting attorneys receive for such cases, and that those fees are to be collected and paid into the city treasury to the credit of the general revenue fund. See Act 904 of 1991, § 15. Another statute, A.C.A. § 16-21-109 (1987), provides that prosecuting attorneys' fees collected in felony cases shall be paid into the county treasury to the credit of the general revenue fund. We have found no other applicable provisions of law.[1]
Because no specific method for the disposition of fees collected for the part-time deputy prosecuting attorney in question has been provided by law, it is my opinion that the fees should be deposited in the city treasury along with other fees and costs collected by the Maumelle Municipal Court and disbursed therefrom. See A.C.A. § 16-17-119(a) (1987). It appears that other such fees are generally placed into either the city or county treasury, as appropriate under the circumstances, and are disbursed therefrom. In my opinion, it would be inappropriate for the city treasurer to pay the fees to the deputy prosecutor directly from the municipal court bank account.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
Winston Bryant Attorney General
[1] We note that A.C.A. § 16-17-707 (Supp. 1989), governing municipal court accounts for fines, penalties, forfeitures, fees, and costs received by the municipal court clerk for officers of the city, township, or county would not apply to prosecuting attorneys, as state officers. See Martindale v. Honey,supra.