Mr. William Gaddy Director, Arkansas Employment Security Department P.O. Box 2981 Little Rock, AR 72203-2981
Dear Mr. Gaddy:
This is in response to your request for an opinion regarding the status of a chancery judge as a "public official." You note that A.C.A. § 11-10-314 was amended by Act 869 of 1991 to authorize the Arkansas Employment Security Department to disclose an individual's current wage file and benefit payment record upon receiving a court order from a chancery judge. The amended language states:
 Upon receipt of an order from a court of record of this state by the director of the Arkansas Employment Security Department for information pertaining to an individual's current wage file and unemployment benefit payment record as contained in the records of the department, such information shall be made available to the court for the purpose of determining an amount of support to be set during a proceeding for the establishment or collection of child support obligations, or both.[1]
Acts 1991, No. 869, § 1, codified at A.C.A. § 11-10-314(1) (Cum. Supp. 1991).
You state that the U.S. Department of Labor has indicated that this amendment authorizes an unlawful disclosure under the federal Social Security Act, but that there was also an indication that such disclosures could be made to "public officials in the performance of their public duties for purposes necessary for the proper administration of the law administered or enforced by them." Letter from Floyd E. Edwards, Regional Administrator for the U.S. Department of Labor to William D. Gaddy, Administrator of the Arkansas Employment Security Division (July 12, 1991). You have asked, in light of this, whether I would consider a chancery judge to be a "public official" under Arkansas law.
It is my opinion that a chancery judge would be considered a "public official," as that term is ordinarily defined and understood under Arkansas law. Chancery judges preside over chancery court, which have original jurisdiction in all matters in equity. A.C.A. § 16-13-304. The judges are elected for terms of six years. A.C.A. § 16-13-309. Their compensation is fixed by law (Ark. Const. amend. 43), they are commissioned (A.C.A. §7-5-704), and they take an oath of office (Ark. Const. art. 19, §20). All of these factors support the conclusion that they are public officers. See Martindale v. Honey, 259 Ark. 416,420-421, 533 S.W.2d 198 (1976) ("[a] public officer ordinarily exercises some part of the State's sovereign power. His tenure of office, his compensation, and his duties are usually fixed by law. The taking of an oath of office, the receipt of a formal commission, and the filing of a bond all indicate that a public office is involved.")
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
WINSTON BRYANT, Attorney General
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] That disclosure may be made, under this provision, to a chancery judge is evident from the fact that the information is to be made available to the court "for the purpose of determining an amount of support to be set during a proceeding for the establishment or collection of child support obligations, or both." Chancery courts in Arkansas have jurisdiction in matters of equity, which include the establishment and collection of child support. See A.C.A. §§ 16-13-304 and 9-12-312 (Cum. Supp. 1991) and -314.