The Honorable Steve Luelf State Senator P.O. Drawer 447 Mountain Home, Arkansas 72653
Dear Senator Luelf:
This is in response to your request for an opinion on whether a particular city councilman in the City of Bull Shoals may serve as the "building official" or building inspector for that city, without creating an unlawful conflict of interest.
You have stated the facts as follows:
 1. The individual in question was appointed alternate, assistant building inspector on November 8, 1989.
 2. In November, 1990, he was elected alderman.
 3. On December 12, 1990, the city passed Ordinance No. 90-017, which states that an alderman may serve as a building inspector, assistant or alternate, and receive compensation as such.
 4. On August 14, 1991, he became Building Inspector due to the resignation of the Building Inspector. The title" Building Inspector" was later changed to "Building Official," with the same duties.
 5. Ordinance No. 90-017 provides that an alderman/building inspector may not vote on any matter in which an issue concerning the duties of the building inspector may be involved.
 6. Council votes are not required for building permits unless rezoning is required. Rezoning requests in connection with building permits are rare.
 7. City council members do not receive a salary.
 8. The Building Official receives 80% of the following permit fees:[1]
 (a) 4¢ per square foot on homes and businesses.
 (b) $1.00 on electrical permits.
 (c) $10.00 for sheds, driveways, carports, fences, signs, etc.
 9. The inspector must furnish his own vehicle, gas, time and labor. If broken down on a weekly average, the inspector's salary, if conducting all inspections himself, would be in the range of $15 to $16 per week.
 10. Ordinance No. 91-001 allows Aldermen to lease property from the city, and the alderman believes that this ordinance further supports his position that his dual service is not prohibited.
It is my opinion that an alderman's dual service as building inspector and as a member of the city council is prohibited as a matter of statute. Resolution of the question of whether the dual service also creates an impermissible actual conflict of interest is therefore unnecessary.
The relevant statute is A.C.A. § 14-42-107, which provides in pertinent part as follows:
 (a)(2) No alderman or council member shall be appointed to any municipal office, except in cases provided for in this subtitle, during the time for which he may have been elected.
Although the alderman in question was "appointed" (presumably by the city council, or the building inspector) to assistant, alternate building inspector before he was elected as alderman, he "became" "Building Inspector" or "Building Official" after
his term of office as alderman began.[2] The only remaining question to determine if the statute has been violated is whether the position of "Building Inspector" or "Building Official" is a municipal office. It is my opinion that it is. The characteristics of a public officer, as opposed to a public employee, were discussed in Martindale v. Honey, 259 Ark. 416,533 S.W.2d 198 (1976), as follows:
 A public officer ordinarily exercises some part of the State's sovereign power. His tenure of office, his compensation, and his duties are usually fixed by law. The taking of an oath of office, the receipt of a formal commission, and the giving of a bond all indicate that a public office is involved. . . .
259 Ark. at 420-421.
It is my opinion that a City Building Inspector would likely be deemed a municipal "officer" by a court faced with the question. His duties and compensation are usually set by city ordinance, and he is ordinarily appointed by the governing body. Seegenerally A.C.A. § 14-56-202 (which refers to building inspectors as "officer[s]"). It is therefore my opinion that a city alderman cannot be appointed City Building Inspector during the term for which he has been elected. Such dual service would violate A.C.A. § 14-42-107(a)(2).
The ordinance purporting to authorize such dual service states that it is enacted pursuant to A.C.A. 14-42-107(2)(b)(1), "which authorizes the adoption of an ordinance permitting aldermen or City council members to conduct business with the City and prescribes the extent of such authority." Ordinance 90-017, Section 2. This subsection, which is found in the same statute as the one which, in my opinion, prohibits the dual service, provides as follows:
 No alderman or council member shall be interested, directly or indirectly, in the profits of any contract for the furnishing of supplies, equipment, or services to the municipality unless the governing body of the city shall have enacted an ordinance specifically permitting aldermen or council members to conduct business with the city and prescribing the extent of this authority.
This subsection gives cities the authority to regulate the extent to which council members may conduct business with the city. It does not, however, in any way permit a city to circumvent the prohibition against dual office holding stated in subsection (a)(2). Simply put, the subsection above has no applicability to "business" conducted by council members where that "business" involves dual service as another municipal officer. In such cases, A.C.A. § 14-42-107(a)(2) is the relevant provision, which, in my opinion, prohibits the dual service contemplated in this instance.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] We express no opinion on this form of compensation. See
A.C.A. § 14-43-409, and Conner v. Burnett, 216 Ark. 559,226 S.W.2d 984 (1950) (discussing this section's applicability to cities of the second class).
[2] You do not state how he "became" the building inspector, but I assume that an appointment was made by the city council.