The Honorable George Hopkins State Senator 78 Harver Hills Malvern, AR 72104
Dear Senator Hopkins:
This is in response to your request for an opinion on the following question:
 Within the statutory framework for the payment of deputy prosecutors' salaries as set out in Ark. Code Ann. §§ 16-21-113, 14-14-1206, and 21-6-301, is it the authority of the Prosecuting Attorney or the Quorum Court to set the Deputy Prosecutor's salary and expenses for Poinsett County as provided in Act 487 of 1983 and Act 195 of 1991?
It appears that your question is answered by Opinion No. 91-159, issued by this office on June 12, 1991. A copy of that opinion is attached hereto.
As is noted in Opinion No. 91-159, the constitutional and statutory provisions authorizing county quorum courts to set salaries of county officers and employees do not apply to deputy prosecuting attorneys, who are considered constitutional state officers. See Martindale v. Honey, 259 Ark. 416,533 S.W.2d 198 (1976). As is also noted in the opinion, Amendment 21, § 2 to the Arkansas Constitution provides that the Arkansas legislature shall determine the amount and method of payment of salaries of prosecuting attorneys. The legislature established the amount and method of payment of the salary and expenses of the deputy prosecuting attorney for Poinsett County in Act 487 of 1983, as amended by Act 195 of 1991, expressing its intent therein that the prosecuting attorney determine the salary and contingent expense allowance of the deputy prosecuting attorney within the range provided.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
Winston Bryant Attorney General
CCT/WB:ch