The Honorable W.J. "Bill" McCuen Secretary of State State Capitol Little Rock, AR 72201
Dear Mr. McCuen:
This is in response to your request for an opinion on several questions regarding Act 1092 of 1993 and the restructuring of the State Board of Election Commissioners. Your questions will be restated and answered in the order posed.
Act 1092 amends A.C.A. § 7-4-101 (1987) to provide, among other things, that the State Board of Election Commissioners shall be composed of eight members to be chosen or designated by various entities. As you note in your opinion request, the Act provides that at least one of the eight members shall be from each congressional district and that no more than two members shall be from each district. Your first question is:
 (1)(a) If more than 2 persons are named from the same congressional district, which of the three can serve?
 (b) If this determination is to be made by some mechanical means, i.e., earliest postmark, who makes this determination?
Act 1092 does not address the mechanics of making appointments to the board, either generally or specifically, and does not appear to contemplate this potential problem. I have found no guiding legal authority on the issue, either. With this void of legal guidance, I can only conclude that the first two persons designated or chosen from a congressional district may serve on the Board. Any designation thereafter of an individual from that district would be in violation of Act 1092 and presumably invalid.
With respect to the second part of your question, it is my opinion that the individual responsible for receiving the appointments of board members would be best situated to determine which two appointments from a congressional district are received first.
Your second question is:
 (2)(a) Are the members of the Board required to take an oath of office?
(b) If so, who administers the oath?
In my opinion, the members of the State Board of Election Commissioners are required to take an oath of office. Although Act 1092 does not require board members to take an oath of office, Article 19, § 20 of the Arkansas Constitution provides:
 Senators and Representatives and all judicial and executive, State and county officers, and all other officers, both civil and military, before entering on the duties of their respective offices shall take and subscribe to the following oath of affirmation: "I, do solemnly swear (or affirm) that I will support the Constitution of the United States and the Constitution of the State of Arkansas, and that I will faithfully discharge the duties of the office of, upon which I am now about to enter."
Pursuant to this provision, all "officers" must take the oath of office set out above. If members of the State Board of Election Commissioners are "officers" within the meaning of Art. 19, § 20, then they, too, must take the oath.
The distinction between a public "office" and public employment was addressed by this office in Opinion No. 92-362, including a discussion of the factors that courts consider in determining whether an individual is a public officer. The position of "Member of the State Board of Election Commissioners" bears many of the indicia of public office. For example, the tenure of office, the compensation, and the duties of the office are set by law. See Maddox v. State, 220 Ark. 760, 249 S.W.2d 972
(1952). Additionally, the position is created by law and members hold their positions by official appointment, rather than by contract of hire. See Martindale v. Honey, 259 Ark. 416,533 S.W.2d 198 (1976). Accordingly, it is my opinion that members of the State Board of Election Commissioners are "officers" within the meaning of Art. 19, § 20 and must take the oath of office set forth therein.
With regard to who is to administer the oath of office to the members of the Board, A.C.A. § 21-2-205(a)(3) (1987) provides:
 All other officers, both civil and military, shall take their oaths before the Secretary of State or his official designee, any justice or judge, clerk of the county court, clerk of the circuit court, or justice of the peace.
Pursuant to this provision, it is my opinion that any of the above entities may administer the oath of office to the members of the State Board of Election Commissioners.
Your third question is:
 (3)(a) Should the members of the Board receive a commission of office?
(b) If so, who issues it?
In my opinion, the members of the State Board of Election Commissioners are not among those officers who must receive a commission of office. Act 1092 does not require the members of the Board to be commissioned. Additionally, A.C.A. § 21-2-101
(1987), which requires the Governor to commission various officers, does not require the members of the State Board of Election Commissioners to be commissioned. As I am unaware of any other provision requiring the members of the Board to be commissioned, it is my opinion that they are not required by law to receive a commission of office.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh