The Honorable George Hopkins State Senator 78 Harver Hills Malvern, AR 72104
Dear Senator Hopkins:
This is in response to your request for an opinion on the following questions:
 1. Whether the director of a judicial district drug task force is prohibited from running for the Arkansas Legislature due to Article 5 of the Arkansas Constitution?
 2. Whether the director of a judicial district drug task force is prohibited from serving in the Arkansas Legislature while in the employment of a judicial district drug task force due to Article 5 of the Arkansas Constitution?
It is my understanding that these questions pertain to the position of "Administrator" of the Seventh Judicial District Drug Task Force. While the answers to these questions are by no means clear from a review of the limited law concerning this position, it is my opinion that Article 5 of the Arkansas Constitution probably poses no impediment to the Administrator's candidacy for or service in the Arkansas General Assembly. It is therefore my opinion that the answer to both of these questions is, in all likelihood, "no." Article 5, Section 7 of the Arkansas Constitution states in relevant part that "No . . . person holding any lucrative office under the United States or this State (militia officers, justices of the peace, postmaster, officers of public schools and notaries excepted), shall be eligible to a seat in either house of the General Assembly." The question in this instance, therefore is whether the position of Administrator of the Seventh Judicial District Drug Task Force is a "lucrative office under . . . this State. . . ."
It is clear that the position is lucrative, as it is salaried. The question then becomes whether the task force administrator holds an "office under this State." The Arkansas Supreme Court has stated the following in this regard:
 `A civil office is a grant and possession of the sovereign power.' [Citation omitted.] . . . `Any officer who holds his appointment under the government . . . is a civil officer.' [Citation omitted.] The words `under this State,' as used in the Constitution, mean under the laws of this State or by virtue of or in conformity with the authority conferred by the State as a sovereign. It embraces all offices created by the laws of the State as contradistinguished from other authority. . . .'
Wood v. Miller, 154 Ark. 318, 322-323 (1922), citing State v. Spaulding, 102 Iowa 639, and Mechem on Public Officers, 24.
As was stated in Bean v. Humphrey, 223 Ark. 118, 264 S.W.2d 607
(1954), in distinguishing between an officer and an employee:
 `When a question arises whether a particular position in the public service is an office or an employment merely, recourse must be had to the distinguishing criteria or elements of public office. . . . Briefly stated, a position is a public office when it is created by law, with duties cast on the incumbent which involve some portion of the sovereign power and in the performance of which the public is concerned, and which also are continuing in their nature and not occasional or intermittent; while a public employment, on the other hand, is a position in the public service which lacks sufficient of the foregoing elements or characteristics to make it an office.'
223 Ark. at 124, citing 42 Am. Jur. 888.
The distinction between a public office and a public employment is not always clearly marked, but the governing principles are well established. As noted above, a public officer ordinarily exercises some part of the State's sovereign power. In addition, the tenure of office, compensation, and duties of an officer are usually fixed by law. The taking of an oath of office, the receipt of a formal commission, and the giving of a bond all indicate that a public office is involved, although no single factor is ever conclusive. See Bean v. Humphrey, supra; Martindale v. Honey, 259 Ark. 416, 533 S.W.2d 198 (1976).
With regard to the position in question, my research has yielded no law setting the term or tenure, emoluments, or duties of this Administrator. Arkansas Code of 1987 Annotated 16-21-147
authorizes each prosecuting attorney to "appoint deputy prosecuting attorneys and other employees at such salaries as are authorized in the grant awards from the Department of Finance and Administration drug law enforcement program, Anti-Drug Abuse Act of 1986, as amended, or its successor." A.C.A. 16-21-147(c) (Cum. Supp. 1993).[1] The position of director or administrator is not separately identified in the Code. And it is my understanding that the Administrator in question is not a deputy prosecuting attorney. Rather, he is selected by the Drug Task Force Board of Advisors, and is appointed by the Prosecuting Attorney. See Seventh Judicial District Drug Task Force Rules and Regulations at 9. His term or tenure and his duties are not fixed by law. Rather, the Drug Task Force employment policies and procedures define and limit his rights and obligations. See Seventh Judicial District Drug Task Force Policies and Procedures Manual at 4. Although his salary is set out in the Seventh Judicial District's drug law enforcement grant (see Depart. of Finance and Admin. Grant #DLEP 93-18), it cannot reasonably be concluded that his compensation is "fixed or regulated by law." Martindale,259 Ark. at 419. While it is my understanding that the Administrator in fact takes an oath of office, my research has yielded no specific statute requiring an oath for this position. And my conclusion herein that the position lacks most of the essential characteristics of a public office necessarily removes it, in my opinion, from the general oath requirement. See A.C.A. 21-2-105
(1987) and Ark. Const. art. 19, 20. Nor is there a separate bonding requirement for this position.
With regard to the exercise of sovereign authority, it appears that the Administrator has in fact been granted some portion of the state's sovereign power, presumably by virtue of A.C.A.16-21-147, wherein it provides that "[a] prosecuting attorney and . . . staff members he designates shall be considered law enforcement officers for purposes of utilizing emergency, protective, and communication equipment in coordination with interagency cooperative investigations and operations." A.C.A.16-21-147(b)(1) (Cum. Supp. 1993). I cannot conclude, however, that this grant of authority is sufficient to establish this position as a public office, particularly in light of the absence of the other recognized factors in making this determination. Even assuming that the Administrator lawfully exercises some other part of the sovereign power, I believe that this would be done as an agent of the Prosecuting Attorney and not as one to whom the legislature has delegated authority in the first instance. See generally Bean v. Humphrey, supra, 223 Ark. at 125. The Prosecuting Attorney obviously lacks independent authority to create a public office. It is perhaps also significant to note in this regard that while Act 97 of the Third Extraordinary Session of 1989 vested investigators and case coordinators of the Seventh Judicial District with "the power granted to peace officers" and authorized them to serve process within the district, this office previously determined that this authority did not extend to other individuals working with the prosecutor's drug law enforcement program. See Op. Att'y Gen. 93-109.
It is therefore my opinion, based upon the foregoing, that while this Administrator clearly holds his position by official appointment, the position is not an office created by law for purposes of Ark. Const. art 5, 7.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] With regard, specifically, to the Seventh Judicial District, Act 97 of the Third Extraordinary Session of 1989 provided that the prosecuting attorney "shall have the power to appoint deputy prosecuting attorneys, investigators, case coordinators or employees at such salaries as are authorized in grant awards from the . . . Drug Law Enforcement Program." Acts 1989 (3rd Ex. Sess.), No. 97, 1.