The Honorable Armil O. Curran State Representative 210 West Main Street Clarksville, AR 72830-3019
Dear Representative Curran:
This is in response to your request for an opinion on the following question:
 Is it lawful for the mayor of a second class city to serve as both mayor and the superintendent of the municipal water works system and to receive compensation for both jobs?
The particular facts surrounding the "superintendent" position must, in my opinion, be considered in order to conclusively answer this question. I will, however, set forth the applicable legal analysis.
If the waterworks system is operated and managed by a waterworks commission as authorized in A.C.A. § 14-234-302 (1987), and the "superintendent" is employed by the commission as authorized in A.C.A. §14-234-306 (1987), it is my opinion that the mayor can in all likelihood serve as superintendent. There would be no statutory or common law incompatibility conflict if the superintendent served as an employee under the authority of the commission. This assumes, however, that the position of "superintendent" is not a municipal office. (See discussion below.) Arkansas Code Annotated § 14-42-107(a) (1987) would, otherwise, prohibit the dual service, as discussed below. This also assumes that the city is acting under the mayor/city council form of government.
If the superintendent position constitutes an "office," it is my opinion that A.C.A. § 14-42-107 (1987) prevents the mayor's appointment to that position. This Code section provides in relevant part as follows:
 (a)(2) No alderman or council member shall be appointed to any municipal office, except in cases provided for in this subtitle, during the time for which he may have been elected.
This office has previously opined that § 14-42-107 extends to the mayor of a city of the second class. See Op. Att'y Gen. 88-083. With regard to the characteristics of a public officer, as opposed to a public employee, the Arkansas Supreme Court stated as follows in Martindale v.Honey, 259 Ark. 416, 533 S.W.2d 198 (1976):
 A public officer ordinarily exercises some part of the state's sovereign power. His tenure of office, his compensation, and his duties are usually fixed by law. The taking of an oath of office, the receipt of a formal commission, and the giving of a board all indicate that a public office is involved. . . .
259 Ark. at 420-421.
A factual determination would thus be required regarding the position of the superintendent as a municipal office.
Additionally, if in fact this is an office and the mayor held the office of superintendent prior to taking office as mayor, such dual service would likely be prohibited by the common law "incompatibility" doctrine. The "incompatibility" question is whether the discharge of the duties of one office conflict with the duties of the other, to the detriment of the public good. Murphy v. Townsend, 72 Ark. 180, 79 S.W. 782 (1904). The inconsistency making the offices incompatible may arise from one office being subordinate to another, or from the power of one officer to audit the accounts of the other. See Tappan v. Helena Fed. Sav. LoanAss'n., 193 Ark. 1023, 104 S.W.2d 458 (1937). Incompatibility of offices has also been found to exist where the statutory functions and duties require the officer to choose one obligation over another. 63 Am. Jr. 2dPublic Officers and Employees § 78 (1984).
A successful incompatibility argument could, in my opinion, probably be premised upon the mayor's authority with respect to the appointment and removal of department heads. See A.C.A. § 14-42-110 (1987). Again, this would depend, as a factual matter, upon the exact nature of the superintendent position. The mayor's appointive and removal authority would, however, reflect an inherent conflict in the dual service.
The case of Davis v. Doyle, 230 Ark. 421, 323 S.W.2d 202 (1959), also supports the conclusion that a mayor cannot serve in the office of superintendent of the waterworks system. The court in that case determined that a mayor could not act as manager of the municipal waterworks, based upon § 14-42-107 and the inconsistency and incompatibility inherent in the dual service.
It is thus apparent that certain factual determinations must be made in order to conclusively resolve your question. The foregoing will, however, hopefully offer general guidance in addressing the matter.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh