The Honorable Jack L. Lessenberry Circuit Judge at Large, Sixth Judicial District S.T.E.P. Court 715 West Second Street Little Rock, Arkansas 72201
Dear Judge Lessenberry:
This is in response to your request for an opinion as to whether your contract court reporter for S.T.E.P. Court may also serve in a limited capacity as a deputy circuit clerk. You indicate the court reporter currently performs work such as entering docket entries into the computer and that it would be convenient if she was also authorized to issue alias warrants and bond forfeitures or to administer the election of a special judge in your absence. You also indicate the court reporter would not receive any additional income for these services.
It is unclear to me, from your request, whether the court reporter will merely be performing the duties of the clerk or whether the court reporter will actually be "appointed" in some way as a "deputy circuit clerk." In either event, I can find no authority for the court reporter to perform the duties you describe.
The powers and duties of circuit clerks and official court reporters are separate and distinct. The statutory provisions pertaining to court reporters, although not explicit, clearly contemplate the employment of persons in those positions for the preparation of official transcripts.See A.C.A. §§ 16-13-501 through -511 (Repl. 1994). No provisions authorize court reporters to perform the above described duties. The statutes do, however, expressly designate such duties to court clerks.
Arkansas Code Annotated §§ 16-20-101 through -109 and -301 through -310 (Repl. 1994) govern the powers and duties of circuit clerks. Section16-20-102 provides that the entry of information upon the court docket is to be performed by the clerk. The issuance of arrest warrants and issuance of process for the arrest and recommitment for bond forfeiture, addressed in separate chapters, are also specifically delegated to the clerk of the court. See §§ 16-84-116 (Cum. Supp. 1993) and 16-85-603
(1987). As to the administration of the election of a special judge, such power is conferred upon the circuit clerk by both the state constitution and statute. Ark. Const., art. 7, § 21; A.C.A. § 16-13-213 (Repl. 1994). Further research revealed no provisions that would authorize the performance of these duties by anyone other than the court clerk.
As to whether the court reporter could be "appointed" as a "deputy circuit clerk," again, I am unable to find any case law or statutory authority that would permit the appointing of persons as "deputy clerks" who are not also formally hired for that position.[1] See §§ 16-20-101
through -109 and -301 through -310.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sarah L. James.
Sincerely,
WINSTON BRYANT Attorney General
WB/SLJ:cyh
[1] Assuming, arguendo, that one could be employed as both a deputy clerk and an official court reporter, it should be noted there is no dual-office holding problem since, in my opinion, the position of court reporter would not be classified as a state "office." See Martindale v.Honey, 259 Ark. 416, 533 S.W.2d 198 (1925) and cases cited.