The Honorable Mark Stodola Prosecuting Attorney Sixth Judicial District 122 South Broadway Little Rock, AR 72201
Dear Mr. Stodola:
This is in response to your request for an opinion on the following question:
 May a state employee who serves as a special deputy prosecuting attorney pursuant to legislative mandate serve as a member of the quorum court in a county where the employee serves as a special deputy prosecuting attorney and receives no salary or benefits from that county, inasmuch as the special deputy is fully compensated by the state and not from county funds?
While the answer to this question is by no means clear following adoption of Amendment 55 to the Arkansas Constitution, it is my opinion that a deputy prosecuting attorney's service on the county quorum court may be subject to challenge under Article 19, Section 6 of the Arkansas Constitution, which states:
 No person shall hold or perform the duties of more than one office in the same department of the government at the same time, except as expressly directed or permitted by this Constitution.
The Arkansas Supreme Court in Martindale v. Honey, 259 Ark. 416,533 S.W.2d 198 (1976), concluded that deputy prosecuting attorneys are part of the constitutionally prescribed judicial branch of state government. I assume this determination would apply to the special deputy prosecuting attorney position at issue in this instance. See Martindale,259 Ark. at 418-419 (regarding creation of the office of deputy prosecuting attorney). The inquiry must then focus on the position of quorum court member. If, as a member of the quorum court, the deputy prosecutor will hold or perform the duties of another judicial office, Ark. Const. art. 19, § 6 may be cited as prohibiting such dual service.
It seems clear that with the adoption of Amendment 55 to the Arkansas Constitution, the office of quorum court member changed to encompass primarily legislative powers. See Op. Att'y Gen. 92-020, citing A.C.A. §14-14-901 ("The legislative power of county government is vested in the quorum court of each county. . . .") It must be recognized, however, that in accordance with Article 7, Section 1 of the Constitution, the judicial power of the state is vested in "one Supreme Court, in circuit courts, in county and probate courts, and in justices of the peace." (Emphasis added.) See also Ark. Const. art. 7, §§ 40-43. Although the jurisdiction of justice of the peace courts has subsequently been restricted (see Op. Att'y Gen. 87-408), it appears that Amendment 55 did not abolish the judicial authority of justices of the peace. See generally Davis,Comment, County Government Reorganization in Arkansas, 28 Ark. L. Rev. 226 (1974). Indeed, the enabling legislation for Amendment 55 (Act 742 of 1977) provides for the compensation of "all justices of the peace serving in a judicial capacity." A.C.A. § 14-14-1205(b) (Supp. 1995). See also
A.C.A. § 14-14-1301(b)(1) (1987) (the justice of the peace "shall preside over the justice of the peace courts and perform such judicial duties as may be prescribed by law. . . .")
The question to be resolved, then, is whether the deputy prosecuting attorney will, by virtue of his or her service on the quorum court, "hold or perform the duties of" another office in the judicial department within the meaning of art. 19, § 6. Is the office of justice of the peace considered an "office in the [judicial] department of the government" for purposes of art. 19, § 6? It seems clear following passage of Amendment 55 that a justice of the peace serves mainly in the legislative department of county government. Certainly the office of justice of the peace does not belong exclusively to the judicial branch of state government.Compare State v. Hutt, 2 Ark. 282 (1840) (prohibiting one's simultaneous service as justice of the peace which according to the court was "exclusively judicial" and State Treasurer, an executive office, under the separation of powers doctrine).[1] But did Amendment 55 sufficiently remove justices of the peace from the judicial department such that art. 19, § 6 will not apply? This question may ultimately require resort to the courts for resolution. The point remains, however, that Amendment 55 did not relieve justices of the peace of their judicial duties. And the implementing legislation confirmed this by continuing their judicial role. See A.C.A. § 14-14-1301(b)(1), supra. The argument thus exists that the deputy prosecuting attorney will be holding or performing the duties of more than one judicial office if he or she also serves on the quorum court. This compels me to conclude that dual service in these positions would be constitutionally suspect under Ark. Const. art. 19, § 6.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] The constitutional doctrine of separation of powers (Ark. Const. art. 4, §§ 1 and 2) would not apply, in my opinion, to prevent a deputy prosecuting attorney's service on a county quorum court. Although the quorum court clearly exercises legislative powers, it does so as part of the constitutionally prescribed legislative branch of county, rather than state government. Compare Murphy v. Townsend, 72 Ark. 180, 79 S.W. 782
(1904) (applying separation of powers doctrine to the office of county and probate judge, which was deemed to be an office within the judicial department of state government). See also generally Marshall v. Holland,168 Ark. 449, 270 S.W. 609 (1925).