The Honorable T.J. Hively Prosecuting Attorney 16th Judicial District P.O. Box 2476 Batesville, Arkansas 72503
Dear Mr. Hively:
This is in response to your request for an opinion on the following question:
 Can a Public Defender hold a seat as a State Legislator, after they become State employees in January, 1998?
You note that A.C.A. § 16-87-208(c)(3) (Supp. 1995), lists several offices that a Public Defender cannot hold, but the office of state senator or representative is not listed.
It is my opinion, in all likelihood, that Arkansas Constitution art. 5, § 7 would render a full-time "public defender" as that term is used in A.C.A. § 16-87-206, ineligible to a seat in the General Assembly. Of course, the eligibility of anyone to take a seat in the General Assembly is ultimately a matter for the General Assembly itself. See Arkansas Constitution, art. 5, § 11; Irby v. Barrett, 204 Ark. 682, 163 S.W.2d 512
(1942); and State ex rel. Evans v. Wheatley, 197 Ark. 997, 125 S.W.2d 101
(1939).
I assume, as an initial matter, that your question refers to a "trial public defender" as that term is used in A.C.A. § 16-87-206, and not to a deputy public defender, or some type of contract provider of indigent criminal defense services. The creation of the "office of trial public defender" is authorized at A.C.A. § 16-87-206 (Supp. 1995). He or she is appointed by a vote of the state and county judges of the counties to be served. The term of office of such trial public defenders is fixed by law at two years, although they may be removed for "just cause." A.C.A. § 16-87-207. Their duties are enumerated at A.C.A. § 16-87-206(b). No person may serve as a part-time trial public defender or deputy public defender who also serves as a part-time municipal court judge, police court judge, or prosecuting attorney. A.C.A. § 16-87-208(c)(3) (as amended by Act 141 of 1997). As you have intimated, the salaries of the trial public defenders will be paid by the state beginning January 1, 1998. See Acts 788 and 1341 of 1997.
In my opinion it is not the fact that the salaries of such officers will be paid by the state in 1998 which renders them ineligible to a seat in the General Assembly, but rather, a provision of the Arkansas Constitution. Article 5, § 7 provides as follows:
 No judge of the supreme, circuit or inferior courts of law or equity, Secretary of State, Attorney-General for the State, Auditor or Treasurer, recorder, or clerk of any court of record, sheriff, coroner, member of Congress, nor any other person holding any lucrative office under the United States or this State (militia officers, justices of the peace, postmasters, officers of public schools and notaries excepted), shall be eligible to a seat in either house of the General Assembly.
The question for resolution is whether a "trial public defender" is possessed of a "lucrative office under . . . this State." If so, he or she is ineligible to a seat in the General Assembly.
It has been stated by the Arkansas Supreme Court that:
 `A civil office is a grant and possession of the sovereign power.' [Citation omitted.] . . . `Any officer who holds his appointment under the government . . . is a civil officer.' [Citation omitted.] The words `under this State,' as used in the Constitution, mean under the laws of this State or by virtue of or in conformity with the authority conferred by the State as a sovereign. It embraces all offices created by the laws of the State as contradistinguished from other authority. . . .
Wood v. Miller, 154 Ark. 318, 322-323 (1922), citing State v. Spaulding,102 Iowa 639, and Mechem on Public Officers, 24.
As was stated in Bean v. Humphrey, 223 Ark. 118, 264 S.W.2d 607 (1954), in distinguishing between an officer and an employee:
 `When a question arises whether a particular position in the public service is an office or an employment merely, recourse must be had to the distinguishing criteria or elements of public office. . . . Briefly stated, a position is a public office when it is created by law, with duties cast on the incumbent which involve some portion of the sovereign power and in the performance of which the public is concerned, and which also are continuing in their nature and not occasional or intermittent; while a public employment, on the other hand, is a position in the public service which lacks sufficient of the foregoing elements or characteristics to make it an office.'
223 Ark. at 124, citing 42 Am. Jur. 888.
The distinction between a public office and a public employment is not always clearly marked, but the governing principles are well established. As noted above, a public officer ordinarily exercises some part of the State's sovereign power. In addition, the tenure of office, compensation, and duties of an officer are usually fixed by law. The taking of an oath of office, the receipt of a formal commission, and the giving of a bond all indicate that a public office is involved, although no single factor is ever conclusive. See Bean v. Humphrey, supra;Martindale v. Honey, 259 Ark. 416, 533 S.W.2d 198 (1976).
From a review of the relevant statutes, it appears that a "trial public defender" as that term is used in A.C.A. § 16-87-206, is possessed of a "lucrative office under this state." Arkansas law creates the office (and refers to it as such), defines its duties, and imposes a definite term of office. In my opinion the public is concerned with the performance of the duties, and at least some portion of the sovereign power of the state is exercised by these officers. In my opinion therefore, "trial public defenders" if they continue to hold their office, would in all likelihood be ineligible to a seat in the General Assembly under Arkansas Constitution, art. 5, § 7.
Of course, the ultimate determination of a person's eligibility to take a seat in the General Assembly is a matter for that body (see Arkansas Constitution; art. 5, § 11; Irby v. Barrett, supra and State ex rel.Evans v. Wheatley, supra), and the courts generally do not have jurisdiction of such controversies. Id.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh