The Honorable Don McSpadden, Prosecuting Attorney Sixteenth Judicial District 368 E. Main Street, Suite 300 Post Office Box 2051 Batesville, AR 72503
Dear Mr. McSpadden:
I am writing in response to your request for an opinion on the following question:
 Pursuant to Article 5 Section 10 of the Constitution of Arkansas, a member of the legislature cannot be appointed or elected to any civil office.
 Assuming the proposition that a member of the legislature cannot serve as a deputy prosecutor (Martindale v. Honey, 259 Ark. 416, 533 S.W.2d 198 (1976)) and cannot serve as a city's attorney (pursuant to an opinion issued by your office approximately two (2) years ago), can a legislator serve as a public defender, whether he is paid by the State, a county or a city?
RESPONSE
I believe that your question is adequately answered in Op. Att'y Gen.2001-127, copy enclosed. The summary conclusion of that opinion, with which I agree, was as follows:
 In my opinion the answer to your question depends upon the exact position held by the "public defender" and upon which position, public defender or member of the General Assembly, the individual held first. I cannot determine the focus of your question in either of these particulars. If your question refers to the public defender for a particular judicial district (the person appointed after a vote of the judges in the district for a term of two years), in my opinion a person who holds such office is ineligible to take a seat in the General Assembly by virtue of the provisions of Arkansas Constitution, art. 5, § 7. Of course, the eligibility of any person to take a seat in the General Assembly is a matter for the General Assembly alone to determine. If the General Assembly in any event chose to seat such a person, that person would thereafter be ineligible under Arkansas Constitution, art. 5, § 10, during his term as member of the General Assembly, for reappointment as "the" public defender. Similarly, a sitting member of the General Assembly is not eligible for initial appointment as" the" public defender under art. 5, § 10 and resignation during the term does not remove the ineligibility.
 If by your reference to "public defender," however, you mean a chief public defender or a rank and file attorney who works for a district "public defender" or even directly for the Director of the State Public Defender Commission in "state operations," in my opinion such a person is not constitutionally prohibited from seeking or holding the office of member of the General Assembly, assuming no federal law prohibits this action. [Footnote omitted.] These types of positions constitute state "employment," rather than state "offices" and the constitutional prohibitions do not attach. Certain statutory conditions on the separate state employment of members of the General Assembly, however, must be considered.
Reference to the whole of Opinion 2001-127 is advisable for a complete understanding of the issue.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh