The Honorable Billi Fletcher State Representative 403 West Palm Lonoke, AR 72086-3445
Dear Representative Fletcher:
This is in response to your request for an opinion regarding whether an individual may simultaneously hold the position of municipal judge and assistant attorney general. In my opinion, the answer to this question is "yes."
In the context of dual office-holding, there are three categories of unlawful conflicts of interest: a constitutional conflict, a statutory conflict, and a conflict created by offices having incompatible duties. See Byrd v. State, 240 Ark. 743, 402 S.W.2d 121 (1966). The presence of any one of these three conflicts renders the dual office-holding in question impermissible.
In the category of constitutional conflict, one provision of the Arkansas Constitution must be considered as a potential prohibition against the dual office-holding in question. Article 4, Section 2 provides:
 No person, or collection of persons, being one of these departments [the executive, judicial, or legislative], shall exercise any power belonging to either of the others, except in the instances hereinafter expressly directed or permitted.
This constitutional prohibition has been held applicable only to "offices" of state government. See Murphy v. Townsend,72 Ark. 180, 79 S.W.2d 782 (1904) and Opinion No. 92-050 (copy enclosed). Thus, although the two positions in question are in different departments of state government (municipal judge as part of the judicial branch and assistant attorney general as part of the executive branch), see Opinion No. 89-035 and Ark. Const. Art. 6, 1, the determinative part of the inquiry in this situation is whether the positions involved constitute "offices" as opposed to employment. While this office has previously concluded that the position of municipal judge is an "office" of the judicial branch of state government within the meaning of these constitutional provisions, see Opinion No.89-035, we have not previously addressed the position of assistant attorney general in this context.
In determining whether a particular position constitutes an "office" or mere employment, the Arkansas Supreme Court has consistently adhered to the view that an office is created by law, with the tenure, compensation, and duties of the position also usually fixed by law. See, e.g., Haynes v. Riales,226 Ark. 370, 290 S.W.2d 7 (1956); Maddox v. State, 220 Ark. 762,249 S.W.2d 972 (1952); and Martindale v. Honey, 259 Ark. 416,533 S.W.2d 198 (1976). Additionally, a public officer ordinarily exercises some part of the state's sovereign power. Maddox, 220 Ark. at 763; Martindale, 259 Ark. at 419. Other typical factors signifying a public office include the taking of an oath of office, the receipt of a formal commission, and the giving of a bond, although the court has consistently maintained that no single factor is ever conclusive. Haynes v. Riales, supra; Maddox v. State, supra. Applying these factors to the position of assistant attorney general, it is my opinion that the position does not constitute an "office" within the meaning of the applicable constitutional provisions.
The position of assistant attorney general is not created by law. Neither the tenure, compensation, or duties of the position are fixed by law. Further, an assistant attorney general does not exercise part of the state's sovereign power, apart from the Attorney General himself. He derives his authority to act by the appointment of the principal, the Attorney General, who is responsible for the faithful discharge of the duties of the office. Cf. State Bank v. Curran, 10 Ark. 142
(1849), in which the Arkansas Supreme Court noted that although a deputy sheriff derives his authority to act by the appointment of the sheriff, the power which is conferred upon the deputy by law is co-extensive with that of the sheriff. See A.C.A. 14-15-503 (1987). Assistant attorneys general are not given such power by law, however. This distinction between deputies and assistants was noted by the court in Martindale v. Honey, supra.
Thus, the only real factor indicating that the position of assistant attorney general constitutes an "office" rather than employment is the taking of an oath; however, as I have already noted, no one factor is ever conclusive on this issue. Accordingly, it is my opinion that the position of assistant attorney general is not an "office" within the meaning of the Article 4, Section 2 prohibition against one person exercising the power of more than one of the three branches of state government; consequently, that provision would not prohibit one person from holding the positions of municipal judge and assistant attorney general simultaneously.
Moving next to the category of statutory conflict, I have been unable to find a statutory prohibition against one person holding both of these positions simultaneously. The qualifications for the office of municipal judge are set out in A.C.A. 16-17-209(a), 16-17-401(b), and 16-17-503(b) (1987). None of these provisions prohibits a municipal judge from engaging in the practice of law or from holding any other position while serving in his judicial capacity. Similarly, nothing in the Arkansas Code appears to prohibit an assistant attorney general from holding an elective office during his or her tenure in that position. Of course, the Attorney General and, presumably, his assistants, are prohibited from engaging in the private practice of law. See A.C.A. 25-16-701 (1992 Repl.).
Finally, our inquiry must focus on the third category of unlawful conflict of interest, the incompatibility of the offices involved. The incompatibility of offices doctrine generally prohibits one person from holding two offices, one of which is subordinate to the other or subject in some degree to the other's supervisory power. See Tappan v. Helena Federal Savings Loan Assoc., 193 Ark. 1023, 104 S.W.2d 458 (1937). Based upon my conclusion that the position of assistant attorney general is not an "office," it is my opinion that the incompatibility doctrine is inapplicable to the present inquiry and, thus, would not prohibit the dual position-holding in question. See, e.g., Opinion Nos. 93-184 and 87-96.
In conclusion, it is my opinion that Arkansas law does not prohibit one person from holding the positions of municipal judge and assistant attorney general simultaneously. Of course, the person holding these two positions must be ever mindful of potential conflicts of interest that might arise on a case by case basis.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh
Enclosure